H. A. THEILAN v. D. T. PORTER et al.

CONSTITUTIONAL LAW. *Police powers.* The act of the Legislature which empowers Taxing Districts to condemn and abate as nuisances all houses which shall be found unhealthy, is not in violation of the provision of the Constitution which provides "that no man's particular services shall be demanded or property taken or applied to public use, without the consent of his representatives, or without just compensation being made therefor." This inhibition has no application as a limitation of the exercise of those police powers which are necessary to the safety and tranquility of every well ordered community.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

T.· W. BROWN for Theilan.

C. W. HEISKELL for Taxing District.

DEADERICK, C. J., delivered the opinion of the court.

The plaintiff brought an action of trespass on April 27, 1880, against the Taxing District of Shelby county

and its legislative council and officers for damages for destroying his dwelling-house in Memphis.

About thirty pages of demurrers, pleas and demurrers, and replications thereto, resulted in issues. upon the material questions arising in the cause, upon the record.

The defendants justified the pulling down of the house under the acts of 1879, conferring the power to remove all buildings, etc.,. found to be unhealthy.

Allowing the objection by demurrer to defendants' pleas to have been improperly overruled, the objection was cured by pleas subsequently filed by leave, in which the justification is placed solely on the ground that the house was a nuisance because unhealthy, and not because of its dilapidation and danger on this account. So, as before stated, it is not necessary to follow and dispose of the various questions raised by demurrers, as the issue rests upon the right of defendants to do the act complained of, and this they rely upon by their plea of justification, which their amended or additional pleas fully and formally set up. The circuit judge, who tried the case without a jury, does not recite the facts upon which he rendered his judgment, but recites, in his judgment, that "having heard the evidence the court finds for the defendants," etc., and renders judgment against plaintiff for costs, etc.

The plaintiff appealed, and the Referees have recommended an affirmance of the judgment, and plaintiff has excepted to their report, and his exceptions. go to the error in overruling his demurrer to the

first batch of pleas, and in failing to sustain it, to the additional pleas, and to the right of the Legislature to authorize the acts complained of to be done, and to the failure of the Referees to report the facts.

No action was taken to the demurrer to the additional pleas, and in such a case the demurrer is regarded as waived : 3 Head, 602 ; 4 Heis., 236. And issue thereon was taken.

The most material exception is that which denies the power of the Legislature to authorize the taxing district to do the act complained of. The authority claimed is found in two acts of the Legislature, one passed January 29, 1879, entitled, "A bill to establish Taxing Districts in this State, and to provide the means of local government for the same ": Acts of 1879, p. 15 ; and an amendment thereto passed March 12, 1879 : *Ibid,* p. 98. Both acts have this provision : The city government "shall have power, and it shall be their duty to condemn as nuisances all buildings, cisterns, wells, privies and other erections in the Taxing District, which, on inspection, shall be found to be unhealthy, and cause the same to be abated, unless the owners thereof, at their own expense, upon notice, shall reconstruct the same in such manner as shall be prescribed by the laws of the Taxing District." They are also required to have buildings, etc., so constructed in future as not to interfere with the health of the citizens; and other powers are given and duties imposed in respect to the cleanly and healthy condition of the houses, etc., of the city.

In the bill of exceptions it is recited that on the

trial there was evidence on behalf of plaintiff tending to prove that the destruction and removal of the house was attended with great oppression to him personally, and with unnecessary loss of his property, and that the house had been the home of the plaintiff for many years before the Taxing District was created; and on behalf of the defendants evidence was introduced tending to prove that said house was unsafe by reason of its rotten and tumble-down condition, and unsanitary by reason of its filthiness and its rotten condition; and was for both of these reasons a nuisance, and that no unnecessary force or oppression was used to accomplished its destruction, etc., and that defendants pursued the District law in its condemnation and destruction, and that defendants were the officers of the Taxing District, intrusted with the duties imposed by said statutes.

It is also recited in said bill of exceptions, that the court found that defendants did destroy said house, or cause it to be destroyed and removed, with no more force than was necessary, and that it was not oppressively, but carefully, done without loss or unnecessary injury to its contents; that said house was unsanitary and unsafe to a degree that made it a nuisance; and that defendants were protected under the acts of 1879, above referred to, and acted in discharge of their duties as .public officers.

It is argued that the acts in question are in violation of that clause in our State Constitution which declares that no man's property shall be taken or applied to public use without the consent of his repre-

Theilan *v.* Porter.

sentatives, or without just compensation being made therefor.

But this inhibition has no application as a limitation of the exercise of those police powers which are necessary to the safety and tranquility of every well ordered community, nor of that general power over private property which is necessary for the orderly existence of all governments: Sedg. Const. Law, 434–5; and in a note on page 435–6, it is said: "In very many instances summary proceedings, without the usual forms of a regular judicial trial, have been held valid as falling within the police powers of the State," because the necessities of society and good government demand a certain amount of summary and repressive measures which would be ineffectual if delayed by ordinary machinery of more regular judicial trial; and numerous examples and cases are given in which such summary proceedings were held valid; and it is added, abating a nuisance does not take away property without due process of law, for the common law recognized the power to abate a nuisance in a summary manner.

Chief Justice Shaw said: "Every holder of property, however absolute his title, holds it under the implied liability that his use of it shall not be injurious to others, nor to the rights of the community. If it be hurtful he is restrained, not because the public makes any use of it, or takes any benefit or profit from it, but because his own use would be a noxious use, contrary to the maxim, *sic utere tuo ut alienum non lœdas.* It is not an appropriation of

the property to a public use, but the restraint of an injurious private use by the owner": Sedg. on Stat. & Const. Law, 438–9, citing 7 Cush., 53. So that the summary abatement of a nuisance is not in violation of the Constitution, as taking private property for public use without compensation, or depriving one of his property without giving him his day in court.

The further objection is made that the law is partial, because it applies only to the Taxing District of Shelby county; even if the Legislature had not the authority to confer on different municipal corporations different powers according to their several circumstances and necessities, by its first section the act applies to "the several communities embraced in the territorial limits of all such municipal corporations in this State as have had or may have their charters abolished," etc., thus showing the law not to apply to one specified locality only, but to all who have brought or may bring themselves within the class described: Acts of 1879, p. 15.

If the law is otherwise unobjectionable, all that can be required is that it be general in its application to the class or locality to which it may apply; it is then public or general in its character; of its policy or propriety the Legislature must judge: Cooley Const. Lim., 390.

Where the Legislature in terms confers on a municipal corporation power to pass ordinances of a specified or defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed in pursuance thereof cannot be impeached as

unconstitutional, because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature: 1 Dillon on Mun. Cor., sec. 262. And where the power is given the ordinance must conform to it.

The statutes cited conferred the power, upon inspection, if unhealthy, to condemn, and upon notice given, if the nuisance was not abated by the owner, the municipal government were directed to cause the same to be abated. Under ordinances in conformity to the acts of the Legislature the nuisance was abated.

The case in 10 Wallace, 506, is not in conflict with the cases cited. It is there said, the mere declaration of the city council that a certain structure was a nuisance, did not make it so, unless it in fact had that character. It, says the court, is a doctrine not to be tolerated, that a municipal corporation without any general laws by the city or State within which the structure can be shown to be a nuisance can, by its mere declaration that it is one, proceed to abate it. That is the point of that decision, and the court held that the structure in fact was not a nuisance.

The responsibility of the officers is certainly of a very grave character, and to be assumed only when the paramount obligation of protecting the public health and safety imperatively requires it, and justified only when the exercise of the powers conferred upon them is strictly within the line of their duty. But when so exercised they cannot be held liable for damages

to compensate a party for the removal of a nuisance dangerous to the public health, which such party himself ought to have removed.

The objection is also made that the Referees, although they report that it was error to dismiss the suit as against the Taxing District, refused to recommend a reversal on this ground. The Referees say that the plaintiff would not derive any advantage from such course, as it is manifest he cannot recover, even if the cause were remanded for a new trial.

From the view we have taken of this case we think the Referees are correct in this conclusion, as a reversal on this ground would be of no practical benefit to complainant.

We concur with them therefore in this particular, as well as in their recommendation of affirmance of the judgment, and confirm their report.