UNITED STATES of America ex rel. Richard J. MAYBERRY

v.

Arthur T. PRASSE, Commissioner of Corrections of Commonwealth of Pennsylvania and David N. Myers, Superintendent, State Correctional Institution, Graterford, Pennsylvania.

Civ. A. No. 32994.

United States District Court
E. D. Pennsylvania.

Dec. 4, 1963.

---

Richard J. Mayberry, in pro. per., Joseph P. Green, Krusen, Evans & Byrne, Philadelphia, Pa., for plaintiff.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for A. T. Prasse.

GRIM, District Judge.

Plaintiff, a state prisoner, has instituted this equity action against certain prison officials claiming that he has been denied access to legal materials necessary to properly prosecute certain actions instituted or about to be instituted in the appellate courts of Pennsylvania. The action is apparently predicated on 42 U.S.C.A. § 1983, a provision of the Civil Rights Act which authorizes redress for deprivation of civil rights, with jurisdiction conferred on the District Court by 28 U.S.C.A. § 1343.

Plaintiff was granted leave to file his petition in forma pauperis. This court appointed counsel for him and two hearings have been held. From an examination of the record in this case and an evaluation of the testimony given at these hearings, the court finds the following facts to be established.

While imprisoned, the plaintiff wrote three letters to various parties, requesting among other things certain court rules, books and legal opinions. These letters were marked "disapproved" by the prison authorities and not permitted to be mailed. While temporarily lodged in a Philadelphia County prison, plaintiff succeeded in purchasing from the prison book store pamphlets containing the Rules of the Supreme and Superior Courts of Pennsylvania. However, these materials were subsequently taken from the plaintiff by prison employees and he was not given access to them until the time of his second hearing in this court.

In his attempts to obtain these court rules, books and legal opinion, plaintiff has appealed to the Deputy Warden and Warden, the Director of Treatment, the Deputy Commissioner and Commissioner of Correction and the Attorney-General of Pennsylvania. He also petitioned the Dauphin County Court for relief which petition was denied on the ground that the court would not interfere with prison administration. Plain-

tiff has exhausted his administrative remedies as set forth in Gaito v. Presse, 312 F.2d 169 (3d Cir. 1963). Since this is a civil rights case there is no requirement of exhaustion of state judicial remedies as in a habeas corpus petition. See Cooper v. Hutchinson, 184 F.2d 119, 124 (3d Cir. 1950). The issues raised by this petition are properly before this court for decision.

Plaintiff has presently pending before the Superior Court of Pennsylvania an appeal from a county court decision denying a habeas corpus petition. Superior Court of Pa., Oct. Term, 1963, No. 391. This appeal is scheduled to be argued on or about December 9, 1963. Moreover, at the time of his second hearing in this court (November 12, 1963) plaintiff was preparing to file an appeal from a decision of a Philadelphia County court denying another habeas corpus petition.

Plaintiff argues that he needs the court rules, books and legal opinions in order to properly prepare and prosecute his pending appeals in the state courts. He argues that to refuse him use of these materials is a denial of his right of access to the courts. Defendants argue that this court lacks power to interfere with prison administration and discipline.

It is axiomatic that apart from due process considerations, the federal courts have no power to control or interfere with state prison regulations and administration. However, reasonable access to the courts is a right given to prospective litigants by the due process clause of the Fourteenth Amendment. In the context of this case, reasonable access to the courts means the right of a prisoner to prepare, serve, and file legal papers and prosecute legal actions affecting his personal liberty.

While the court is mindful that a prisoner has no constitutional right to obtain a legal education while imprisoned nor a prison official any duty to furnish a legal library in which the prisoner may search for legal loopholes in the judgment and sentence under which he is held, Hatfield v. Bailleaux, 290 F.2d 632, 640, 641 (9th Cir. 1961), the facts of this case indicate more than an attempt of a prisoner to become a "jail-house lawyer." Plaintiff has now pending before the Superior Court of Pennsylvania an action affecting his personal liberty. Plaintiff is not represented by counsel in this appeal. He claims that he is without knowledge of the procedures necessary to prosecute the appeal properly. Under these circumstances, the court is of the opinion that reasonable access to the courts in this case includes at least reasonable access to the Rules of Procedure of the Pennsylvania courts in which plaintiff is prosecuting or preparing to file an action affecting his personal liberty and an order to that effect is proper.

## ORDER

And now, this 4th day of December, 1963, defendants' motion to dismiss is denied. Defendants, their officers, agents, servants and employees are restrained and enjoined from interfering with plaintiff's purchase, receipt, and reasonable use of any published Rules of Procedure of any court in which plaintiff has pending or is in the process of instituting legal actions affecting his personal liberty.