Raymond **RICHARDSON**, Jr., Appellant,

v.

**Hugh F. RIVERS, D. C. Board of Parole,**
**et al., Appellees.**

**No. 18169.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 16, 1964.

Decided July 9, 1964.

Mr. Newton Frohlich, Washington, D.
C. (appointed by this court) for appellant.

Mr. Martin R. Hoffmann, Asst. U. S.
Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and
John E. Hogan, Asst. U. S. Attys., were
on the brief, for appellees.

Before WASHINGTON, BASTIAN and
McGOWAN, Circuit Judges.

BASTIAN, Circuit Judge.

On May 12, 1961, appellant was sentenced to serve from two to six years imprisonment on his conviction of robbery
and assault with intent to commit robbery.[1] At the expiration of his minimum
sentence, he applied for parole. After a
hearing held by the Parole Board on Feb-

1. He had a previous conviction of robbery.

ruary 21, 1963, his application was denied.

On July 12, 1963, appellant, *pro se*, filed a verified "Motion for leave to file a civil complaint, pursuant to Title 42 U.S.C. Section 1983 and Rule 3, Federal Rules of Civil Procedures." The complaint charged the Parole Board with "prejudice, malice, and discrimination, and with having a personal dislike for negroes" [2] and, among a series of allegations, claimed that parole was denied him for those reasons "more so than because of the nature of the offense." While Richardson acknowledged in the complaint that he "has been in trouble and has a record," he claimed that his record was not as bad as that of some of the white inmates, "who are granted parole continuously." Reference was subsequently made to four white inmates, reciting various dates which appellant claimed represented the respective dates of their incarceration and parole. The complaint concluded:

> "Plaintiff avers that the D. C. Board of Parole denied him parole through prejudice and malice, act, and a personal dislike for the negro race, moreso [sic] than because of the nature of the offense, when they review the records of these white inmates, and the reformatory councilor evaluation of these white inmates would not be incompatible to the best interest and welfare of the community. And this is merely a part of the cases which serves to support the allegation of the complaint."

The complaint sought the following relief: (1) an order directing the Parole Board to release appellant or show cause why he should not be paroled; (2) restraint of prison officials from taking any punitive action against appellant for instituting the suit; (3) a request by the court for prosecution of appellees by the Civil Rights Division of the Department of Justice after investigation of the allegations in the complaint; and (4) money damages from the Parole Board in the amount of $30,000.00.

On July 26, 1963, appellees filed a motion to dismiss or in the alternative for summary judgment, based on an attached affidavit and memorandum of points and authorities. The affidavit, executed by Richard S. Collins, Secretary of the Parole Board, briefly set forth appellant's background with relation to the Board, and further stated:

> "Richardson became eligible for parole March 15, 1963, and appeared before the Board February 21, 1963, at which time parole was denied. The Board of Parole did not feel that Richardson had rehabilitated himself sufficiently at the D. C. Reformatory, Lorton, Virginia, to warrant parole at that time.
>
> "When an applicant for parole appears before the Board, his case is considered on an individual basis. His past adjustment in the community is considered along with his adjustment at the institution, which includes his work assignments and conduct. Any discriminatory practices by the Board of Parole is denied."

A copy of the motion, affidavit and memorandum in support of the motion were duly sent to appellant, from whom no further information was received.[3]

On August 22, 1963, the District Court entered the following order:

> "Upon consideration of the motion of the defendant to dismiss the com-

---

2. The membership of the District of Columbia Board of Parole includes two Negroes. The members are appointed by the Commissioners of the District of Columbia, whose firm stand on racial matters is a matter of public knowledge. So far as appears, no complaint against the Board on racial grounds has ever been made to the appointing power. Moreover, the Board has often been applauded for its highly competent and progressive approach to the administration of its functions.

3. Fed.R.Civ.P. 56(e), as amended January 21, 1963, provides in part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but

plaint or in the alternative for summary judgment, it is by the Court this 22nd day of August, 1963

"ORDERED that defendant's motion to dismiss be and it hereby is granted and that the action herein be and it hereby is dismissed."

This appeal followed.

■■ We proceed first to determine the nature of the order entered by the District Court, *i. e.*, whether it is in fact the granting of a motion to dismiss the complaint for failure to state a cause of action, or the granting of summary judgment. We are of the opinion that it is the granting of summary judgment. Fed.R.Civ.P. 12(b) provides in part:

"If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."

In this case the affidavit of the Secretary of the Parole Board presented "matters outside the pleading" [4] and, thus, the motion should be treated as one for summary judgment. Fowler v. Curtis Publishing Co., 78 F.Supp. 303, 304 (D. D.C.1948), affirmed, 86 U.S.App.D.C. 349, 182 F.2d 377 (1950). In the words of the court in Dinwiddie v. Brown, 230 F.2d 465, 467 (5th Cir.), cert. denied, 351 U.S. 971, 76 S.Ct. 1041, 100 L.Ed. 1490 (1956):

"It is clear that although the order of dismissal stated that it was granted on a motion to dismiss for

failure to state a claim upon which relief could be granted, the district court's failure to exclude affidavits and exhibits offered in support of the motion converted it into a motion for summary judgment."

Larsen v. American Airlines, 313 F.2d 599, 601 (2d Cir. 1963); Suckow Borax Mines Consolidated v. Borax Consolidated, Ltd., 185 F.2d 196, 205 (9th Cir. 1950). Cf. Owen v. Kronheim, 113 U.S. App.D.C. 81, 82–83, 304 F.2d 957, 958 (1962); Wm. J. Kelly Co. v. Reconstruction Finance Corp., 172 F.2d 865, 866 (1st Cir. 1949). See Ellis v. Carter, 291 F.2d 270, 275 (9th Cir. 1961); United States v. Lot 800, 169 F.Supp. 904 (D. D.C. 1959).

■■ As thus viewed, the criterion for granting the motion is whether there exists a genuine issue as to any material fact. In this case, the material facts must be such as would legitimately tend to show that appellees acted under color of law, and thereby subjected appellant to a deprivation of his federal rights. Thomas v. Chamberlain, 143 F.Supp. 671, 674–75 (E.D.Tenn.1955), affirmed, 236 F.2d 417 (6th Cir. 1956).

D.C.Code § 24–204 provides in part:

"Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board may authorize his release on parole * * *."

his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Cf. Notes of the Advisory Committee on Rules to Rule 56(e), 28 U.S.C.A.; Mondella v. S. S. Elie V, 223 F.Supp. 390 (S. D.N.Y.1963). See Wagoner v. Mountain Savings & Loan Ass'n, 311 F.2d 403 (10th

Cir. 1962); R. L. Ferman & Co. v. General Magnaplate Corp., 33 F.R.D. 326 (D. N.J.1963); Feldman v. Birger, 205 F. Supp. 87 (D.Mass.1962); Becker-Lehmann, Inc. v. Firestone Tire & Rubber Co., 202 F.Supp. 514 (D.Mo.1959).

4. The memorandum of points and authorities, of course, could not be so characterized. Sardo v. McGrath, 90 U.S.App.D.C. 195, 196 F.2d 20 (1952).

 Appellant, in his complaint, admits that the matter of parole is committed to the discretion of the Parole Board, and acknowledges that his application was considered by the Board. The difficulty arises over the alleged improper motivation for the denial. Certainly the denial, of itself, was not a violation of appellant's rights since probation and parole are matters of legislative grace. Moreover, in our opinion, appellant's mere conclusory assertions of discrimination would not be sufficient to withstand appellees' motion for summary judgment. Cf. Harris v. Settle, 322 F.2d 908 (8th Cir. 1963); Childs v. Pegelow, 321 F.2d 487 (4th Cir. 1963); Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954); Ortega v. Ragen, 216 F.2d 561 (7th Cir. 1954), cert. denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955); McGuire v. Todd, 198 F.2d 60, 63 (5th Cir.), cert. denied, 344 U.S. 835, 73 S.Ct. 44, 97 L. Ed. 649 (1952); United States ex rel., Hoge v. Bolsinger, 211 F.Supp. 199 (W. D.Pa.), affirmed, 311 F.2d 215 (3d Cir. 1962), cert. denied, 372 U.S. 931, 83 S.Ct. 878, 9 L.Ed.2d 735 (1963); Morgan v. Sylvester, 125 F.Supp. 380, 390 (S.D.N.Y. 1954), affirmed, 220 F.2d 758 (2d Cir.), cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768 (1955).[5]

In Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 45 A.L.R. 1041 (1926), the court (Mr. Justice Cardozo) said:

"The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial." 242 N.Y. at 350, 152 N.E. at 111.

And in Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766 (1950), after an extensive review of decisions of the Supreme Court, as well as those in this and other circuits, Judge Fahy observed:

"There may be no genuine issue even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment. On this point the cases decided by this court must rest on their own facts rather than upon a rigid rule that an assertion and a denial always preclude the granting of summary judgment."[6]

We are of the opinion that, in this case, appellant's conclusory assertions of discrimination, as against the Board's affidavit and viewed in light of the Board's broad discretionary powers,[7] did not create a "genuine issue as to a material fact," and that appellees' motion was properly granted. Cf. Koptik v. Chappell, 116 U.S.App.D.C. 122, 321 F. 2d 388 (1963); Losieau v. Hunter, 90 U.S.App.D.C. 85, 193 F.2d 41 (1951).

Affirmed.

WASHINGTON, Circuit Judge, did not participate in the consideration or formulation of the foregoing decision.

---

5. "There are some cases which hold that facts set forth in the pleadings cannot be controverted by affidavits and documentary evidence so as to warrant the granting of summary judgment, even though they clearly show that there is in reality no genuine issue as to any material fact. But, as this Court has pointed out on numerous occasions, reason and the great weight of authority are to the contrary. Sufficient to cite, Moore's Federal Practice, 2nd Ed., volume 6, sections 56.-04(1), 56.11(3), 56.15(2), and the numerous cases so holding there discussed."

Thomas v. Chamberlain, 143 F.Supp. 671, 674 (E.D.Tenn.1955), affirmed, 236 F.2d 417 (6th Cir. 1956).

6. "Even though an issue may be raised formally by the pleadings, summary judgment may be granted if there is no genuine issue of material fact." 6 Moore, Federal Practice 56.04(1) (2d Ed.)

7. Cf. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963); Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938).