**Richard D. PETERSON, Appellant,**

v.

**Hugh F. RIVERS, D. C. Board of Parole, et al., Appellees.**

**No. 18967.**

United States Court of Appeals District of Columbia Circuit.

Argued May 6, 1965.

Decided July 2, 1965.

Petition for Rehearing En Banc Denied Oct. 5, 1965.

(Emphasis in original.) Thus, the construction of the Order now pressed by appellants may hardly be thought to have

Mr. Llewellyn C. Thomas, Washington, D. C. (appointed by this court), for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellees.

Before DANAHER, TAMM and LEVENTHAL, Circuit Judges.

PER CURIAM.

Peterson, a prisoner at the Lorton Reformatory, commenced this action on April 28, 1964, by filing a complaint in which he sought relief from the action of the Parole Board denying him parole at the earliest date at which he became eligible. The theory of his complaint was that he was discriminated against on account of race. To support his argument, he set forth synopses of six cases of white prisoners who, in the course of the last six years, had been paroled even though as appellant viewed their criminal records and progress toward rehabilitation they were no more worthy of parole than he, a Negro.

After our decision in Richardson v. Rivers, 118 U.S.App.D.C. 333, 335 F.2d 996 (1964), in which we affirmed the District Court grant of a motion for summary judgment against a prisoner who in a virtually identical case alleged racial discrimination in the denial of his application for parole, Peterson changed the theory of his complaint and now asserts merely that the Parole Board improperly exercised its discretion.

been generally regarded as compelled by the words used.

There is no material difference between this case and *Richardson* and we therefore affirm for the reasons stated and on the authorities cited therein.

 Although there are, among the selected facts brought to the attention of this court in appellant's brief and supporting documents, facts which weigh against appellant's conclusion that his claim to parole is as meritorious as the claims of the paroled convicts with whom he wishes us to draw comparisons, we rest our decision on the ground that the power to grant parole is committed to the judgment of the Parole Board. The conclusions of the Parole Board are based upon numerous determinations of fact, and, more important, judgment, which in turn are influenced by personal observations that cannot be brought before a reviewing court. It would take an extraordinary case indeed to lead the courts to become embroiled in Parole Board actions on the basis of claims lacking a constitutional foundation.

Affirmed.