Maurice James **BERRY**, Plaintiff,

v.

The **UNITED STATES PAROLE BOARD,**
**Gerald Murch, Chairman et al.,**
**Defendants.**

**Civ. A. No. 9754.**

United States District Court
M. D. Pennsylvania.

Jan. 18, 1967.

Maurice James Berry, pro se.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for defendants.

## MEMORANDUM

FOLLMER, District Judge.

Maurice James Berry, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, submitted a document entitled "Application for Declaratory Judgment and Injunctive Relief," in forma pauperis, to the United States District Court for the District of Columbia. The defendants filed a motion to transfer the case to the United States District Court for the Middle District of Pennsylvania which motion was granted. The case was transferred and the defendants then filed a motion to dismiss on the ground that "the complaint fails to state a claim against the defendants upon which relief can be granted." Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the parties were ordered to file brief written statements in support of and in opposition to the defendants' motion. Briefs have been filed by both parties and the said motion is currently before this Court for determination.

The basis of Berry's complaint concerns the denial of his application for parole on July 12, 1966, by the Parole Board. He claims that the denial was arbitrary and that the Parole Board

clearly abused its discretionary powers. The denial, Berry asserts, was based on "an ambiguous, inaccurate, and insidious Special Progress Report which was the product of bias and prejudice on the part of Mr. Ralph N. Hitchcock, who prepared said Special Progress Report and over whose signature it is drawn." "Application," p. 2. He claims that the only question that was asked him at his parole hearing was whether he understood his sentence. His primary argument as to why he should have been granted a parole is that his ill health requires release in order that he obtain adequate medical attention.

■ The United States Board of Parole has the discretionary power to authorize the release of a prisoner on parole. 18 U.S.C. § 4203. It is hornbook law that parole is not a matter of right, but is a matter of legislative grace. Richardson v. Rivers, 118 U.S.App.D.C. 333, 335 F.2d 996, 999 (1964); 67 C.J.S. Pardons § 20(b) (1). "And, of course, the determination of a parole eligibility date is wholly within the discretion of the Board of Parole." Walker v. Taylor, 338 F.2d 945, 946 (10 Cir. 1964).

The most that Berry has presented are the conclusory allegations of arbitrariness and abuse of discretion. The argument that his medical condition requires the granting of his application for parole is as weighty as a balloon inflated with helium. It appears that Berry forgets that the discretionary power of granting paroles rests with the Parole Board, not the individual prisoners.

In Peterson v. Rivers, 121 U.S.App. D.C. 327, 350 F.2d 457, 458 (1965), the Court stated, in regard to a similar situation:

"* * * [T]he power to grant parole is committed to the judgment of the Parole Board. The conclusions of the Parole Board are based upon numerous determinations of fact, and, more important, judgment, which in turn are influenced by personal observations that cannot be brought before a reviewing court. It would take

an extraordinary case indeed to lead the courts to become embroiled in Parole Board actions on the basis of claims lacking a constitutional foundation."

This is not such an extraordinary case.

■ In light of Berry's conclusory and frivolous assertions and the United States Parole Board's discretionary powers, the determination made by the Parole Board will not be interfered with and the defendants' motion to dismiss must be granted.