Peter SIMMONS

v.

Barry MASLYSNKY, Official Court
Stenographer.

Peter SIMMONS

v.

Mr. RUNDLE, Warden, Graterford State
Correctional Institution, and Mr. Brier-
ley, Superintendent State Correctional
Institution in Philadelphia, and Mr.
Prasse, Mr. Taylor, and Mr. Heller, Of-
ficers of the Pennsylvania State Bureau
of Correction, and Jack Myers.

Peter SIMMONS

v.

The PENNSYLVANIA STATE BOARD
OF PAROLE, and Its Individual Mem-
bers, Mr. Gernert, Mr. Butler, Mr. Ry-
der, Mr. Phillips, Mr. Rhoades, and Miss
Comstock.

Civ. A. Nos. 68–1477, 68–1226, 68–1256.

United States District Court
E. D. Pennsylvania.

Aug. 23, 1968.

Peter Simmons, pro se.

## OPINION

MASTERSON, District Judge.

The plaintiff presently is incarcerated in the Pennsylvania State Correctional Institution at Graterford, Pennsylvania, serving a one to five year term of imprisonment imposed by the Quarter Sessions Court of Philadelphia on June 28, 1967. On February 13, 1968 the Pennsylvania Superior Court affirmed his conviction, and on May 31, 1968, the Pennsylvania Supreme Court denied his appeal per curiam. Currently, in another action, he is petitioning this Court for a writ of habeas corpus under Title 28 U.S.C. § 2241 et seq.

Pursuant to Title 28 U.S.C. § 1915 the plaintiff now has petitioned this court for leave to commence three separate civil rights actions under Title 42 U.S.C. § 1983. In each of his petitions the plaintiff has contended that the respective defendants whom he wishes to sue have committed acts depriving him of "* * * rights secured by the Constitution." Title 42 U.S.C. § 1983. Each of these petitions is directed to the discretion of the court, and, in exercising this discretion, it is the court's duty to determine whether the action sought to be prosecuted might be meritorious. See, Wagner v. Maroney, 263 F.Supp. 377, 378 (W.D.Pa., 1967). If an examination of the petition indicates that the proposed action is meritorious, or, at least, that it is not frivolous, then it is the court's duty to grant the petition

and authorize the commencement of the action. See, Nichols v. McGee, 169 F. Supp. 721, 723 (N.D.Cal., 1959), appeal dismissed per curiam 361 U.S. 6, 80 S. Ct. 90, 4 L.Ed.2d 52 (1959). For reasons discussed below the Court has concluded that the plaintiff's petition in Civil Action No. 68–1477 must be granted, and that the plaintiff's petitions in Civil Action No. 68–1256, and Civil Action No. 68–1226 must be denied.

According to the facts alleged in his petition in Civil Action No. 68–1226, on May 26, 1968, while incarcerated at the State Correctional Institution at Graterford, Pennsylvania, the plaintiff was stabbed in the chest by a fellow inmate, Jack Myers. He was treated initially at Graterford and, shortly thereafter, he was transferred for further treatment to the Eastern State Correctional Institution in Philadelphia. In Civil Action No. 68–1226 he proposes to prosecute a claim against Mr. Myers for damages arising out of these injuries. He also proposes to prosecute claims against the Superintendents of both of the State Correctional Institutions involved and against various individual officers of the Pennsylvania State Bureau of Correction, on the theory that they have subjected him "* * * to a deprivation of * * * rights, * * * secured by the Constitution", Title 42 U.S.C. § 1983, by:

(1) permitting Myers, allegedly a prisoner known to be dangerous, to be transferred from the Fairview State Mental Institution to Graterford which "* * * is listed as a minimum security prison", and thus endangering the safety of all prisoners at Graterford; and, by,

(2) transferring the plaintiff to the Eastern State Correctional Institution after the incident "* * * so that he would not be able to say anything about what happened."

Initially it is clear that the plaintiff's petition must be dismissed in-

sofar as it contains claims against Mr. Myers, for, in order to state a meritorious claim under Title 42 U.S.C. § 1983 facts must be alleged which show that the person being sued was acting under color of state law at the time of the alleged injury. See Pritt v. Johnson, 264 F.Supp. 167, 169 (M.D.Pa., 1967). The plaintiff has alleged no facts which show that at the time of the stabbing Myers was exercising powers vested in him by state law. Therefore, there clearly could be no merit to the plaintiff's proposed civil rights claims against the defendant.

■ Similarly, the plaintiff's civil rights claim against the other defendants named in Civil Action No. 68–1226 are without merit. These defendants are all state officials connected in some way with the institutions in which the plaintiff has been incarcerated. Generally the law provides a federal court with particularly broad discretion to deny state prisoners, such as the plaintiff, the privilege to prosecute a civil action in forma pauperis against these types of officials. See, E. g. Shobe v. People of State of California, 362 F.2d 545, 546 (C.A. 9, 1966). Two strong considerations support this policy:

> "(1) that it would be disruptive of prison discipline to permit such a suit to proceed while the prisoner is still in custody, whether the prisoner be a federal convict or a state convict, and (2) that in the case of state convicts the maintenance of such suits in federal courts would produce unseemly conflict between federal courts and state authorities." Weller v. Dickson, 314 F.2d 598, 604 (C.A. 9, 1963), (Concurring Opinion, Duniway, J.)

Accordingly, except in extraordinary circumstances reflecting a denial of due process, federal courts traditionally have refused to inquire into the internal operation of state penitentiaries, particularly where a petitioner's complaints relate to discretionary administrative decisions by state prison officials. See generally,

E. g. United States ex rel. Knight v. Ragen, 337 F.2d 425, 426 (C.A. 7, 1964), and United States ex rel. Mayberry v. Prasse, 225 F.Supp. 752, 754 (E.D.Pa., 1963).

■ It is obvious that the two actions of the state prison officials which the plaintiff challenges in this action both were actions performed in the ordinary course of administering these state penal institutions. It would be presumptuous and unwise for this court to review such common-place decisions by state officials. Morerover, in Civil Action No. 68–1226 the plaintiff advances no contentions which could support a decision that these defendants have violated rights protected by either the Constitution or federal statutes. For this reason, and for reasons discussed above, the Court must deny the plaintiff's petition to proceed in forma pauperis in Civil Action No. 68–1226.

The genesis of the plaintiff's complaint in Civil Action No. 68–1256 is the Pennsylvania Parole Board's refusal to grant him parole on September 14, 1967. According to the allegations in the plaintiff's petition the Parole Board based its decision upon its findings that there was no sufficient "* * * evidence of a constructive change * * *" and that there was "* * * need for * * * (a) longer period to demonstate officials. Moreover, in Civil Acclaims that the Parole Board acted improperly by not considering either the sentencing Judge's recommendation of parole or the prison records from Holmesburg County Prison in Philadelphia where he was detained between the time of his arrest and the time of sentencing and where, evidently, he compiled a commendable record for good conduct. He maintains also that the Parole Board generally discriminated against him in the course of its investigation because of his race. The plaintiff concludes that these acts together constitute a deprivation of his "* * * rights, privileges, or immunities secured

by the Constitution \* \* \*", and thus subject the Parole Board per se, and its members individually, to liability under the provisions of Title 42 U.S.C. § 1983.

■ If the plaintiff's proposed suit in Civil Action No. 68–1256 was commenced today it would be subject to dismissal by motion of the defendants on several grounds. Initially, the action would be subject to summary dismissal to the extent that it is directed to the Parole Board per se because that institution is not a "person" within the meaning of Title 42 U.S.C. § 1983. See, e. g., Taylor v. Pennsylvania Board of Parole, 263 F.Supp. 450 (M.D.Pa., 1967). Secondly, the action could be dismissed because the complaint is composed of broad and conclusory allegations. See, e. g., Negrich v. Hohn, 379 F.2d 213, 215 (C.A. 3, 1967). Finally, dismissal of the action might be appropriate because granting of parole traditionally has been considered to be a matter of legislative grace and a function in the administering of which state officials enjoy at least a qualified immunity. See, Richardson v. Rivers, 118 U.S.App. D.C. 333, 335 F.2d 996, 999 (1964), and Belveal v. Bray, 253 F.Supp. 606, 609 (D.C.Colo., 1966).

On the other hand, the plaintiff has advanced general claims which might prove to be meritorious. The first of these is his allegation of racial discrimination on the part of the Parole Board, a general allegation which, if supported by more specific factual allegations, would justify granting the plaintiff some form of relief. See generally, *Richardson,* supra, 335 F.2d at p. 999. Secondly, the plaintiff's contention that there was only one member of the Board present at the time of his interview and that, therefore, the Board acted without authority, also is potentially meritorious. See generally, *Belveal,* supra, 253 F. Supp. at p. 609.

In view of the considerations discussed above the appropriate resolution of the plaintiff's current petition is a dismissal without prejudice. It is likely that a sufficient period of time has passed since the initial hearing to justify a re-hearing by the Parole Board of this prisoner's request for parole. This particularly seems to be the case in view of the short term of imprisonment which the prisoner currently is serving. A final disposition of the plaintiff's request for parole would make unnecessary any interference by this court in state administrative machinery. If no imminent action by the Board is forthcoming, however, the plaintiff can amend his petition by stating his constitutional contentions *more specifically* and then repetition this Court pursuant to Title 28 U.S.C. § 1915.

■ Finally, the plaintiff has petitioned for authorization to commence a civil action in formal pauperis under Title 42 U.S.C. § 1983 in order to compel the defendant-stenographer, who transcribed the testimony at his trial, to comply with two state court orders granting his petition to have these notes. There is precedent precisely on point which authorizes the prosecution of civil actions against court stenographers who have refused to comply with state court orders directing the production of trial transcripts. See, Washington v. Official Court Stenographer, 251 F.Supp. 945, 947 (E.D.Pa., 1966). The plaintiff's exhaustion of his state appellate remedies does not moot his complaint for there is precedent which establishes his rights to a transcript during the course of his collateral attacks upon his conviction, See, Lane v. Brown, 372 U.S. 477, 484, 83 S.Ct. 768, 9 L.Ed. 2d 892 (1963), and, thus, continued refusal by the defendant-stenographer to supply him with these transcripts would, if unjustified, constitute a deprivation of his rights under Title 42 U.S.C. § 1983. Accordingly, the petitioner's request to proceed in forma pauperis in

Civil Action No. 48–1477 must be granted.

### ORDER

And now, this 23rd day of August, 1968, it is hereby ordered that the plaintiff's petitions to proceed in forma pauperis in two of the above-captioned cases, Civil Action Nos. 68–1226 and 68–1256 are denied.

It is also ordered that the plaintiff's petition to proceed in forma pauperis in Civil Action No. 68–1477 is granted. The Clerk of the Court is ordered to transmit a copy of the plaintiff's petition in Civil Action No. 68–1477 to the defendant in that case who shall answer the complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.