**AUGUSTINE M. McKENZIE, Plaintiff**

**v.**

**TUIMAVAE T. LE`IATO and GAFA TAUVEUVEU, Defendants**

High Court of American Samoa
Trial Division

CA No. 113-94

December 14, 1994

---

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel:      For Plaintiff, Augustine M. McKenzie, *pro se*
              For Defendant, Henry W. Kappel, Assistant
              Attorney General

Order Granting Motion to Amend Complaint, Denying Plaintiff's Motion for Partial Summary Judgment, and Granting Defendant's Motion for Summary Judgment:

## PROCEDURAL HISTORY

On June 7, 1994, plaintiff Augustine M. McKenzie, an inmate serving a life sentence at the American Samoa Government's Correctional Facility, initiated this action, alleging claims pursuant to 42 U.S.C. § 1983 against Tuimavae T. Le`iato, Warden of the facility, and Gafa Tauveuveu, Corrections Officer at the facility. Plaintiff asserts that defendants, in their official capacity, deprived him of his federally protected liberty interest without due process of law and asks this court to issue injunctive relief against further violations.

On June 27, 1994, defendants filed a motion to dismiss the complaint on the grounds that this Court lacks jurisdiction over the subject matter of this case, and that plaintiff has failed to state a claim upon which relief can be granted.

On July 6, 1994, plaintiff filed a motion for leave to file an amended complaint.

On July 18, 1994, plaintiff filed a motion for partial summary judgment against defendants, submitting his own affidavit in support. On August 31,

1994, defendants responded to plaintiff's motions, submitting defendant Le`iato's affidavit with several supporting documents attached.

These three motions came regularly for hearing on September 1, 1994. Plaintiff appeared *pro se*, and defendants by their counsel.

## DISCUSSION

### I. *Motion to Amend Complaint*

Although styled as an "amended complaint" the proposed new complaint merely complements the original complaint. The two complaints will, therefore, be read as a single document, with amendments to the original complaint as indicated.

T.C.R.C.P. 15(a), which mirrors F.R.C.P. 15(a), allows:

> A party [to] amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Plaintiff cites *Foman v. Davis*, 371 U.S. 178 (1962), to support the principle that a trial court may not deny leave to amend a pleading without justification. We find no reason to deny the motion to file plaintiff's motion in this case. He filed the motion on July 6, 1994, before a trial date had been set and early enough not to surprise defendants. The proposed amendments to the original complaint basically restate the same allegations, in a somewhat expanded form, from that set forth in the original complaint, and do not give plaintiff an unfair advantage in the proceedings. Due to the discretion allowed this court in applying Rule 15(a), plaintiff's motion for leave to file amended complaint is granted as an amendment to the original complaint.

### II. *Motion for Partial Summary Judgment*

Summary judgment is appropriate where the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P.

56, which mirrors F.R.C.P. 56. In ruling on such a motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, *United States v. Diebold, Inc.*, 369 U.S. 654 (1962), treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to him. *Lokan v. Lokan*, 6 A.S.R.2d 44, 45 (Probate Div. 1987).

Although plaintiff claims that there are no material facts in dispute as to the alleged violations of his constitutional rights, defendants submitted ample evidence of genuine issues of material fact in this matter. Defendant Le`iato's affidavit incorporates supporting documentation in four parts.

The first is the rules and regulations, adopted on January 31, 1986. Defendants assert that copies of the rules were made available to all inmates, including plaintiff, and were posted at various sites throughout the facility. This document contradicts plaintiff's allegation that defendants failed to provide him with prison rules and regulations.

The second is a release authorization for the weekend furlough program which states in part that there shall be "[a]bsolutely no consumption of alcoholic beverages" as a condition to participation in the program. This document, signed by plaintiff on August 22, 1987, refutes his assertion that he was placed in administrative segregation and revoked of his home release program without having been notified that returning to the facility intoxicated was against regulations.

The third is the warden's decision, dated January 5, 1994, to place plaintiff in administrative segregation for 60 days and revoke his home release privileges for two years. This decision, which was based on review of the recommendations from a hearing panel, is inconsistent with plaintiff's allegation that he was deprived of his liberty interest without due process of law.

The last includes records of four other disciplinary incidents involving plaintiff while in prison. These records put in issue plaintiff's allegation that defendants lodged false information in his inmate file.

Since defendants' affidavit clearly shows that genuine issues of fact exist, plaintiff's motion for partial summary judgement must be and is denied.

*III. Motion to Dismiss*

Since arguments regarding defendants' motion to dismiss and plaintiff's motion for partial summary judgment were heard together by this court, we considered the affidavits submitted by both parties in support and opposition to plaintiff's motion for partial summary judgment in our review of defendants' motion to dismiss. Since these affidavits are matters outside the pleadings, the motion to dismiss should be treated as one for summary judgment. *Richardson v. Rivers*, 335 F.2d 996, 998 (D.C. Cir. 1964).

■ In reviewing a motion to dismiss, it is improper for the court to consider documents outside of the pleadings without converting the motion into a motion for summary judgment pursuant to T.C.R.C.P. 56 and dispose of it as provided by that Rule. *Carter v. Stanton*, 405 U.S. 669 (1972); *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985).

T.C.R.C.P. 12(b), which mirrors F.R.C.P. 12(b), states in part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in 56 TCRCP, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by 56 TCRCP.

■ When a court converts a motion under Rule 12(b) into a motion for summary judgment, the court must make the parties aware that the court is considering a motion for summary judgment by giving the parties 10 days notice of the conversion pursuant to Rule 56. *Rose v. Bartle*, 871 F.2d 331 (3rd. Cir. 1989); *Heron v. Beck*, 693 F.2d 125, 126 (11th Cir. 1982). Rule 56 further requires that the parties have the opportunity to submit "pleadings, depositions, answers to interrogatories, and admissions on the file, together with . . . affidavits" to support or oppose the motion for summary judgment.

On October 28, 1994, this court gave notice to the named parties in this matter of its intention to convert defendants' motion to dismiss to a motion for summary judgment pursuant to Rule 12(b) and allowed the parties until November 10, 1994, to submit further affidavits and/or other materials made pertinent to such a motion by Rule 56.

In the additional time allowed by the court, plaintiff filed an additional affidavit and defendants filed nothing further. Previously, plaintiff had

submitted his own affidavit, whereas defendants had submitted Le`iato's affidavit with several supporting documents.

The standard of review this court applies in deciding the appropriateness of a motion for summary judgment is stated on p. 3 of this order, but in reviewing this summary judgment motion, where the defendant is the moving party, we must view all pleadings and supporting papers in the light most favorable to plaintiff.

In plaintiff's most recent affidavit he alleges that defendants: 1) placed false information in his inmate file; 2) failed to enact prison rules or regulations; and 3) placed him in administrative segregation and revoked his release program without due process of law. These allegations are identical to those made in plaintiff's first affidavit. Plaintiff has filed no supporting documents or any new information to show that genuine issues of material fact exist. As stated earlier, upon review of Le`iato's affidavit and supporting documentation, defendants have clearly shown that no genuine issue of material fact exists. Therefore, treating their motion to dismiss as one for summary judgment, defendants are granted summary judgment dismissing plaintiff's complaint as amended with prejudice.

## CONCLUSION

Plaintiff's motion for leave to file an amended complaint is granted as an amendment to the original complaint. However, his motion for partial summary judgment is denied, and defendants are granted summary judgment dismissing plaintiff's complaint as amended with prejudice.

It is so ordered.