FIREMEN'S INS. *v.* PETRIE.

(No. 819349—Decided April 8, 1966.)

Court of Common Pleas, Cuyahoga County.

*Mr. R. L. Kenen,* for plaintiff.
*Mr. Leon M. Plevin* and *Messrs. Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson,* for defendant.

CORRIGAN, J. This case came on to be heard on plaintiff's petition for declaratory judgment and defendant's answer to said petition. The parties were in agreement as to the following facts:

1. That the plaintiff, Firemen's Insurance Company of Newark, New Jersey, is a corporation organized under the laws of the state of New Jersey and authorized to engage in the insurance business in the state of Ohio.

2. That on or about the 9th day of November, 1962, the plaintiff issued a policy of insurance under No. AFW 230814 to the defendant, Alpheus L. Petrie, effective from said issuance to the 9th day of November, 1963, and which contained the following among its provisions:

"PART IV—FAMILY PROTECTION COVERAGE

"*Coverage G*—Family Protection (Damages for Bodily Injury)

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the Insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the Insured or such representative and the Company or, if they fail to agree, by arbitration.

"* * * *

" 'hit-and-run automobile' means an automobile which causes bodily injury to an Insured arising out of physical contact of such automobile with the Insured or with an automobile which the Insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the

operator or the owner of such 'hit-and-run automobile'; (b) the Insured or someone on his behalf shall have reported the accident within twenty-four hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the Company within thirty days thereafter a statement under oath that the Insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons who identity is unascertainable, and setting forth the facts in support thereof; and (c) at the Company's request, the Insured or his legal representative makes available for inspection the automobile which the Insured was occupying at the time of the accident.
''* * *

''*Arbitration*

''If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an insured automobile because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part.
''* * *.''

3. That on or about July 14, 1963, the defendant, Alpheus L. Petrie, was the owner of a 1962 Corvair automobile which was involved in an accident on said date while Mr. Petrie was driving in a northerly direction of West 117th Street resulting in injuries to said defendant.

4. That the defendant, Alpheus L. Petrie, is asserting claims for his injuries as a result of the above described collision against the plaintiff under the family protection clause of his policy of insurance.

5. That said defendant filed a demand for arbitration requesting that an arbitrator be appointed by the defendant, American Arbitration Association; that said arbitrator hold a

hearing to determine and award damages for the injuries sustained by the defendant, Alpheus L. Petrie.

6. That the defendant, The American Arbitration Association, has set said matter for arbitration, said cause being entitled "Alpheus L. Petrie and Firemen's Insurance Company of Newark, New Jersey" and further identified by the following numbers: AC17514    CLE-AC-58-65.

7. That the defendant, American Arbitration Association, has appointed the defendant, Joseph Sindell, as arbitrator and has instructed the parties to select a date for a hearing of said matter.

8. That the plaintiff filed certain letters with the American Arbitration Association objecting to the arbitration of this matter.

The record further reflects that plaintiff's motion for injunction staying arbitration was granted pending the determination of the issues raised in this case.

Counsel for the parties are not in agreement as to how the issues are to be worded. Plaintiff concludes that the only matters involve questions of fact: (1) Whether there was physical contact with "a hit and run automobile" as required by the policy and (2) If there was physical contact with a "hit and run automobile," did the insured file with the Company within thirty days after the alleged accident a statement under oath that the insured has a cause of action arising out of such accident for damages against a person whose identity is unascertainable and setting forth the facts in support thereof. The attorney for the defendant-insured sees the questions as follows: (1) Whether a hit-skip accident is a question of fact to be determined by the American Arbitration Association in accordance with the terms of the policy or a question of law relating to policy coverage and, therefore, decided by a court of law; and (2) Whether the failure of the insured to submit a written statement under oath within thirty days after the occurrence of the accident is such a condition precedent to the contract as to cause and work a forfeiture against him.

The plaintiff company admits it issued a liability insurance policy to indemnify the defendant-insured against injury caused by an uninsured (hit and run) automobile, but maintains that the fact that the alleged motorist causing the injury was un-

insured is clearly a condition precedent to its duty to indemnify the defendant. If that position is correct then the determination of this fact is a condition precedent to the plaintiff's duty to arbitrate and the issue must be decided outside of the policy. However, if the issue as to an alleged uninsured (hit and run) automobile and the physical contact of the vehicles, if any, is a matter for determination within the terms of the policy, it must be resolved within *Part IV—Family Protection Coverage, Coverage G,* and the arbitration clause contained therein.

In this declaratory judgment action it becomes the duty of the court to attempt to construe the meaning of this policy of insurance that begins: "The Company agrees with the Insured, in consideration of the payment of premiums and in reliance upon the statements in the declaration and subject to all terms of this policy: * * * [and then follows hundreds upon hundreds of words detailing the terms of the agreement]." Interestingly enough it should be pointed out that the company and the insured worked out the collision, the liability, and the medical payment features to the mutual satisfaction of all concerned. The only remaining claim is that of the defendant under the family protection coverage. However, a cardinal axiom, in the construction of written contracts, is that all parts must be examined and consideration given to every word. As it has been stated by many courts, the object is to arrive at the intention of the parties and this is to be deduced from the language employed by them to express their intention. If the language is not free from doubt or uncertainty, resort may be had to the condition of the respective parties, the subject matter of the contract and the circumstances surrounding the transaction and connected with it.

When the defendant-insured paid his premiums to the company what benefits did he expect under the family protection coverage? The language *(Coverage G)* states the company agrees "to pay all sums which the Insured, * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile * * * provided, for purposes of this coverage, determination as to whether the Insured is legally entitled to recover * * * shall be by agreement between the Insured * * * and the Company or, if they fail to agree, by arbitration."

Counsel for the plaintiff company would have the court engraft on to that language a condition precedent to the duty to submit a disagreement to arbitration. On the other hand, the lawyer for the defendant-insured contends that the language of this limited arbitration clause is clear and unambiguous.

Without belaboring the point and making numerous citations, it must be conceded that "the underlying basis for the submission of a dispute to arbitrators is to obviate the necessity of determination of a controversy or dispute by judicial proceedings. And it is the policy of the law to favor and encourage arbitration * * *." (Judge Fess in *Murtaugh* v. *American States Ins. Co.*, 25 O. O. 2d 106.)

An acceptance of the plaintiff's contention would not expedite the settlement of disputes between parties who have agreed to arbitration without any reservations, but would cause delay and add to already overcrowded court dockets. Two seperate determinations would be required, one by the court as to coverage and then a second as to liability and damages by the arbitrators. This court is convinced that had the drafters of this policy of insurance intended to establish conditions precedent to this type of coverage such conditions would have been spelled out in language equally as clear as the words "or, if they fail to agree, by arbitration." To hold otherwise one would have to conclude that the family protection coverage is somewhat of "a snare and delusion." Instead of insuring himself protection, the policyholder would be buying the right to file a lawsuit to determine whether or not he had the coverage for which he figured he already was paying premiums.

Since no limitation is placed upon the arbitration agreed upon in this uninsured motorist's protection provisions, the arbitrator is the sole judge of the questions of fact under the family protection coverage of this policy. Accordingly, this court holds that the final determination as to whether or not there was a hit-skip accident involving physical contact, whether or not the defendant is legally entitled to recover damages, and if so the amount of damages, rests solely upon the arbitrator in accordance with the rules of the American Arbitration Association.

The case *Murtaugh* v. *American States Ins. Co.*, 25 O. O. 2d 106, 187 N. E. 2d 518, is clearly distinguishable on its facts from

the instant matter.  In that case the insurance company proved that the insured was injured while occupying an automobile not owned by the named insured, and that similar other insurance in the amount of $5,000 was paid to the insured under such other policy.  The arbitrators then exceeded their authority in making an award in excess of the "other similar insurance" provisions of the policy.  The law favors rulings making injured persons whole, but abhors attempts to collect additional money beyond an amount previously agreed to in writing.  In the instant case no primary or secondary coverage question has been raised but should the arbitrator herein exceed his powers such action would be subject to court review.

In construing the whole policy herein it is evident that only *Part IV—Family Protection Coverage* makes any reference to arbitration.  Under *Part III,* as detailed under the *Conditions,* if the insured and the company disagree as to the amount of loss, resort may be had to an appraisal procedure.  However, the policy expressly states that "the Company shall not be held to have waived any of its rights by any act relating to appraisal."  No such reservation is made as to any act dealing with arbitration.

In 4 Ohio Jurisprudence 2d, at page 653, the following definitions and distinctions appear:

"Arbitration is the submission of some disputed matter to selected persons, and the substitution of their decision or award for the judgment of the established tribunals of justice, thus avoiding the formalities, the delay, and the expense of ordinary litigation.  Arbitration is frequently confused with appraisement, and the terms are at times used interchangeably, but the authorities recognize a distinction, which is important to bear in mind.  Arbitration has as an essential element the existence of a dispute or controversy between the parties, whereas appraisement is merely an agreed method of ascertaining quality, quantity, amount or value, with the object of preventing disputes, rather than of settling present ones."

In drafting the language of the policy the plaintiff, it can be presumed, decided that disputes and controversies were likely to arise under *Part IV* in counter-distinction to disagreements under the other parts and, therefore, provided for arbitration.

It saw fit to include a non-waiver clause under the appraisal provision, yet made no reservations to be applied in the event of arbitration.

Counsel for the plaintff, in effect, argues that the insured is entitled to have recourse to The Family Protection Coverage portion of the policy only after he has already established in a court of law in an independent action that he has sustained injury and damage from the physical contact of an uninsured (hit and run) automobile. What would remain for the arbitrator to determine, for all practical purposes, would be a confirmation that as a result of a hit-skip accident the insured suffered damages, and assess the same. Parenthetically, it might be observed that the expenses of the insured as far as attorney fees and court costs in the separate action could not be charged against the company.

This court concludes that language of The Family Protection Coverage is clear and unambiguous. The plaintiff-company anticipated that disputes would arise on the question of the uninsured automobile, but made no reservation on the question of liability of the company in unequivocally providing for arbitration. Since the plaintiff has disputed the defendant's claim of a hit-skip acidcent, it is now for the arbitrator to determine that fact and from the evidence presented decide if the defendant is entitled to recover damages, and, if so, what amount.

However, this conclusion of the court is not to be interpreted as being dispositive of plaintiff-company's petition for a declaratory judgment on the second issue raised in this case. Under the liberal construction of the Ohio Declaratory Judgment Act, Section 2721.01, Revised Code, the plaintiff's claimed immunity from liability under the policy predicated upon the defendant's failure to submit a written statement under oath within thirty days to the company is a proper subject for declaratory determination. This question goes beyond a mere factual dispute on one issue to a specific requirement under the basic contractual relationship.

The testimony of the plaintiff's first witness, Gerald T. Becker, revealed that the company first received notice of the claim from the insurance agency on July 17, 1963, within three days of the accident and hospitalization of the defendant. Ne-

gotiations progressed from that date between the parties resulting in the satisfactory settlement of the collision, the liability and the medical payment features of the policy. The plaintiff received formal notice of the defendant's claim under The Family Protection Coverage by way of a letter (plaintiff's exhibit 2), from the defendant's counsel within the thirty-day period on August 9, 1963. The plaintiff's reply was "our investigation reveals that *our* insured was not struck by a hit-skip vehicle which is a condition under our policy with him." (Emphasis added.) This letter was dated August 20, 1963, six days after the expiration of the thirty-day period. No claim was advanced by the plaintiff that it was in any way prejudiced by the failure to comply with the thirty-day requirement. Mr. Becker identified himself as the supervising adjuster employed by The Continental Insurance Companies and said that the plaintiff was one of ten member companies. He indicated that this was his first court hit-skip experience with the company under the uninsured motorist clause because this type of coverage is comparatively new. Under cross-examination he admitted that under Part IV no provision for forfeiture is stated for failure to file either the sworn statement or the proof of loss. No testimony was offered by plaintiff to show that it was or has been actually damaged or handicapped by the delay of said written report under oath as distinguished from other information furnished by defendant and his counsel.

Once again considering the whole policy, it is to be noted that under "Conditions: 9. Proof of Claim, Medical Reports. Part IV," the following language appears:

"As soon as practicable, the Insured * * * making claim shall give the Company written proof of claim, under oath, if required * * *."

Under the general *Conditions* heading appears the following language:

"3. Notice. *All Parts.*

"In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given

by or for the Insured to the Company or any of its authorized agents as soon as practicable." (Emphasis added.)

The apparent conflict in its own policy as to notice compels the court to resolve this issue in favor of the defendant-insured. In view of the extended negotiations, the availability of various reports and the parties mentioned in the court hearing, the delay in submitting a written statement under oath is not such a condition precedent as to work a forfeiture against the defendant, whom the plaintiff company referred to as "our insured."

A final decree is to be entered in this matter declaring (a) that unless the defendant-insured and the plaintiff-company reach an agreement in this matter, it shall be referred to arbitration in accordance with the terms of the policy; (b) that the injunction staying the arbitration is dissolved; and (c) that the delay in filing the written report under oath has not caused a forfeiture against defendant.

Counsel for defendant shall prepare a Journal Entry at the costs of the plaintiff embracing the findings of the court and shall submit the same to counsel for plaintiff for signature.