LYNCH ET AL., APPELLANTS, *v.* EDUCATOR & EXECUTIVE, INC. ET AL., APPELLEES.

(No. 2395—Decided August 11, 1976.)

*Mr. Arnold Levin,* for appellants.
*Mr. Harry A. Hentemann,* for appellee.

MAHONEY, J. This is an appeal from an order of the Court of Common Pleas staying the proceedings below pending arbitration of the parties' differences arising out of an uninsured motorists provision of an insurance policy. We reverse.

Frank and Mary Louise Lynch are the owners of an automobile insurance policy issued by defendant Educator & Executive Insurers, Inc. (hearafter E & E). On March 3, 1971, plaintiff Mary L. Lynch, while operating an insured automobile, was struck from the rear by an automobile driven by one Bates. The Lynchs notified E & E of the accident and that Bates was uninsured. In February 1973, the Lynchs requested consent from E & E to institute suit against Bates, which authorization was given in April 1973. On some date in early 1973 (not indicated in the record) just prior to the running of the statute of limitations, the Lynchs commenced legal action against Bates.

In May 1973, the Lynchs took a default judgment against Bates in the amount of $25,000. The insurance policy covering plaintiffs provided for uninsured motorists coverage in the amount of $12,500. Plaintiffs' demanded that defendant pay the amount of the judgment taken against Bates up to the policy limit, which demand defendant has refused. Thereafter, the Lynchs brought this suit against E & E for the amount of the uninsured motorists coverage, attorney fees, and punitive damages. In count two of their complaint, plaintiffs sought an injunction against E & E and the American Arbitration Association from proceeding with an arbitration of plaintiffs' claim. E & E answered and moved the trial court to stay further proceedings pending the outcome of arbitration. The motion was granted. The Lynchs appealed that order. This court has previously held that such order was final and appealable.

For their assignment of error, the Lynchs allege:

"The lower court erred in granting appellee's motion for stay of proceedings in this case on the ground that the issues in this case are referrable (sic) to arbitration, and continuing the trial."

The singular issue raised by the assignment of error is whether the Lynchs are entitled to a trial to determine the applicability of the arbitration provisions under the uninsured motorists provisions of the insurance policy.

The policy provides:

"Part IV, Coverage J. * * *

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the company."

"Part IV, Arbitration.

"If any person making claim hereunder and the company do not agree that such person is legally entitled to

recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part.''

We hold that the provisions of the policy as to arbitration are for limited rather than general arbitration of any dispute. Therefore, the arbitrator's duties are restricted to a determination of whether the uninsured motorist was the proximate cause of the damages sustained by the insured and, if so, the amount of such damages. It is not the arbitrator's function to determine if the company consented to the suit and if such consent eliminates the need for arbitration where a judgment is had against the uninsured motorist. The former is a question of fact and the latter is a question of law. These are questions for determination by a court which is construing the contract of insurance. At such a trial, the court would also consider whether the insurer had any defenses under the policy and the applicability of other sections of the policy pertaining to ''conditions'' and ''uninsured motorists.'' If the court finds for the insurer upon those issues, the court may then order arbitration under R. C. 2711.02.

Accordingly, the order of the trial court is reversed and this matter is remanded for further proceedings.

*Judgment reversed and cause remanded.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.