**UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff,**

v.

**Michael J. FERRARO, Defendant.**

No. C–3–78–51.

United States District Court,
S. D. Ohio, W. D.

July 3, 1978.

William H. Thornburgh, Dayton, Ohio, for plaintiff.

E. S. Gallon, Dayton, Ohio, for defendant.

### ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on a motion to dismiss under Rules 12(b)(6) and 12(b)(1), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

United States Fidelity & Guaranty Company (Fidelity) seeks a declaratory judgment that its policy with its insured, Michael J. Ferraro, does not provide coverage for the injuries he has sustained. Mr. Ferraro asserts the arbitration clause contained in the policy as a bar to judicial review of Fidelity's obligations under the uninsured motorist provision of the policy, under which Mr. Ferraro's claim arises.

Fidelity's complaint and supporting memorandum state that Mr. Ferraro was shot in the arm while he was loading or unloading his automobile.[1] Plaintiff further states that there is neither dispute as to the circumstances of the injury nor as to the amount due if there is coverage. For the purposes of this motion, Fidelity's allegations will be assumed to be correct.

Upon the authority of *Evans v. Hudson Coal Co.*, 165 F.2d 970 (3d Cir. 1948), and *Macchiavelli v. Shearson, Hammill & Co.*, 384 F.Supp. 21 (E.D.Cal. 1974), defendant claims that the arbitration agreement in his policy with Fidelity deprives the Court of subject matter jurisdiction. It is doubtful that *Evans* and *Macchiavelli, supra*, are authority for the proposition that an arbitration agreement ousts the Court of subject matter jurisdiction. *See John Ashe Associates, Inc. v. Environgenics Co.*, 425 F.Supp. 238, 241 n. 3 (E.D.Pa. 1977). Even if they are, the Court would lack jurisdiction only "[i]f the issues presented by the instant suit are referrable to arbitration," *Evans, supra* at 972. As will be discussed below, the issue of coverage adopted by Fidelity is not referrable to arbitration. Thus, even under defendant's theory, the Court has jurisdiction over the subject matter of this action. Moreover, the position adopted in *John Ashe Associates, Inc.* that an "arbitration agreement limits the scope of the court's review, not its subject matter jurisdiction," *id.* at 241 n. 3, seems to the Court the sounder position. Under that view, which the Court adopts, the Court has subject matter jurisdiction whether or not the issues arising in this action are referrable to arbitration.

■ The disposition of defendant's motion to dismiss for failure to state a claim upon which relief can be granted must turn upon whether Fidelity, by entering into a contract of insurance with defendant, agreed to resolve by arbitration the dispute that has arisen between them. If the dispute is one committed by the policy to arbitration, then Fidelity is bound thereby. *See* O.R.C. § 2711.01.

The portion of the policy dealing with uninsured motorist coverage contains the following:

> The Company will pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the Insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the Insured or such representative and the Company, or, if they fail to agree, by arbitration.

■ The arbitration agreement relating to uninsured motorist claims provides:

> F. Arbitration: If any person making claim hereunder and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration

---

1. The Court may properly consider assertions made in Fidelity's memorandum of law without converting the motion to dismiss into a motion for summary judgment under Rule 56, Fed.R. Civ.P. *Richardson v. Rivers*, 118 U.S.App.D.C. 333, 335, 335 F.2d 996, 998 n. 4 (1964); *Sardo v. McGrath*, 90 U.S.App.D.C. 195, 196 F.2d 20 (1952); *Ricciotti v. Warwick School Commit-* tee, 319 F.Supp. 1006 (D.R.I. 1970). *Sims v. Mercy Hospital of Monroe*, 451 F.2d 171 (6th Cir. 1971), which contains broad language that might be read to require an opposite conclusion, did not address the question of a court's use of supporting memoranda in determining the disposition of a motion to dismiss under Rule 12(b)(6).

are agreed to between the Insured and the Company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

A fair reading of the policy compels the conclusion that Fidelity has bound itself to arbitrate only two issues: first, the liability of the owner or operator of an uninsured highway vehicle to the insured for bodily injury sustained by the insured arising out of the use of such vehicle; and, secondly, the amount of payment owing under the uninsured motorist provisions of the policy. The dispute between plaintiff and defendant falls into neither of these categories. The parties agree that Mr. Ferraro's assailant is liable for the damages he caused. The parties agree on the amount owed to Mr. Ferraro if the uninsured motorist coverage extends to him for his injuries. The disagreement herein apparently concerns whether or not the uninsured motorist provision provides coverage to the insured for injuries resulting from the discharge of a firearm, sustained while the insured was loading or unloading his motor vehicle. The language of the policy cannot reasonably be read to require arbitration of this broad issue of coverage, particularly in light of the unusual circumstances in which Mr. Ferraro sustained his injuries. To conclude otherwise would stretch the words of the policy beyond their plain meaning. "When words used in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless the plain meaning would lead to an absurd result." *Olmstead v. Lumbermen's Mutual Insurance Co.*, 22 Ohio St.2d 212, 216, 259 N.E.2d 123, 126 (1970). The Court is guided by that rule of construction in concluding that the question of coverage raised by Fidelity is for the Court to answer, and is not referrable to arbitration.

The courts of Ohio have routinely decided questions of coverage arising under unin-sured motorist provisions of insurance policies, even when such policies have contained arbitration agreements. *See Weemhoff v. Cincinnati Insurance Company*, 41 Ohio St.2d 231, 325 N.E.2d 239 (1975); *Travelers Indemnity Co. v. Reddick*, 37 Ohio St.2d 119, 308 N.E.2d 454 (1974); *Ohio Farmers Insurance Co. v. Wright*, 17 Ohio St.2d 73, 246 N.E.2d 552 (1969). In *Firemen's Insurance v. Petrie*, 10 Ohio Misc. 188, 226 N.E.2d 808 (C.P. Cuyahoga County 1966), which Mr. Ferraro cites as authority for referring this dispute to arbitration, the Court referred a narrow factual question concerning the circumstances of the accident, the insured's entitlement to damages from the tort-feasor, and the extent of damages, to arbitration. *Petrie*, in which the Court explicitly stated that the dispute referred to arbitration raised no questions of coverage, *id.* at 194, 226 N.E.2d at 812, is clearly distinguishable from the instant case.

Mr. Ferraro's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted is DENIED.

It is so ORDERED.