COX, Appellant,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Cox v. Nationwide Mut. Ins. Co.* (1991), 76 Ohio App.3d 398.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–569.

Decided Nov. 26, 1991.

*John W. Leibold,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Andrew W. Cecil,* for appellee.

PETREE, Judge.

Plaintiff, Sherry S. Cox, appeals from an order of the Franklin County Court of Common Pleas, which confirmed an arbitration award granting her $20,000 in damages on her uninsured motorist claim against defendant, Nationwide Mutual Insurance Company. Plaintiff presents two assignments of error as follows:

"I. Where the terms of the uninsured motorist provision of an automobile insurance policy are vague as to the method and procedure to be employed for arbitration, where the plaintiff-appellant claimant demanded from the first that the procedure prescribed by Franklin County Court Common Pleas Rule 65(B) be employed, and filed a complaint seeking a declaratory judgment that Rule 65 was required to be followed, and thereafter while the declaratory judgment action was pending, the defendant/appellee insurance company succeeded over the protests of plaintiff/appellant in obtaining arbitration without following Rule 65, which resulted in an inadequate award, the trial court erred to the prejudice of plaintiff/appellant in reducing the arbitration award to judgment, thereby determining the declaratory judgment issues

described in the complaint, all without following the requirements of Civil Rule 56.

"II. The court erred to the prejudice of plaintiff/appellant in failing to find and declare that plaintiff/appellant was entitled to arbitration of the uninsured motorist claim in accordance with the procedure provided in Franklin County Court of Common Pleas Rule 65."

On August 28, 1987, plaintiff was involved in an automobile collision with an uninsured motorist named Roger E. Graves. Consequently, plaintiff made a claim for uninsured motorist benefits under her automobile liability insurance policy with defendant. Plaintiff also sent a letter to defendant on July 14, 1989 demanding arbitration pursuant to the arbitration provisions contained in the uninsured motorist coverage section of the policy.

Thereafter, a dispute arose between the parties regarding, among other things, the amount of damages suffered by plaintiff in the collision and the procedure to be employed at the requested arbitration hearing. Unable to resolve the dispute through stipulation or otherwise, plaintiff filed an action for declaratory judgment on October 17, 1989, seeking to establish her entitlement to uninsured motorist coverage and her entitlement to arbitration pursuant to the procedure of Loc.R. 65 of the Court of Common Pleas of Franklin County, Ohio.

Subsequently, an arbitration hearing was held before a panel of three arbitrators. During the transcribed hearing, the issue of whether the award was subject to appeal *de novo* was raised and discussed by the parties. Though plaintiff expressed the belief that any resulting award should be subject to *de novo* appeal under Rule 65, plaintiff proceeded in due course with the arbitration hearing. The arbitration panel's signed decision states:

"This matter was heard on May 23, 1990, pursuant to the terms of Nationwide Insurance Company's policy provisions regarding Uninsured Motorist Claims. Based upon the evidence submitted and presented on behalf of both the claimant, Sherry S. Cox, and counsel for Nationwide Insurance Company, it is the unanimous decision of the arbitrators that claimant, Sherry S. Cox, be awarded the total sum of Twenty Thousand Dollars ($20,000.00)."

Notwithstanding, plaintiff filed a motion for summary judgment with supporting evidentiary materials in her declaratory judgment action in the common pleas court. Defendant opposed the motion. Plaintiff argued that, as a matter of law, the language of the arbitration provision mandated a Rule 65 *de novo* appeal. The trial court denied summary judgment to plaintiff on August 15, 1990, finding a " * * * genuine issue of fact to be determined."

On February 7, 1991, defendant filed an application to reduce the arbitration award to judgment pursuant to R.C. Chapter 2711. Defendant attached several documents in support, including the decision of the arbitration panel. The matter came up for hearing on February 25, 1991. On March 13, 1991, plaintiff moved for reconsideration of the trial court's " * * * oral decision spoken in chambers on February 26, 1991 * * *." Plaintiff claimed that there were five actions pending in the common pleas court, one of which demonstrated that the negligent motorist, Graves, was underinsured. In a previous motion to consolidate, plaintiff argued that, since underinsured motorist coverage was not offered in defendant's policy, by operation of law it was in effect at the time of the accident and such coverage would not be arbitrable under the uninsured motorist coverage arbitration clause.

On April 17, 1991, the trial court confirmed the May 23, 1990 arbitration award. The court found that the arbitrators had been " * * * appointed in conformity with a written arbitration agreement. * * * " After examining the award and hearing the parties in respect thereto, the court found that " * * * said award is in all respects legal and proper." Further, the court rejected plaintiff's argument that the arbitration was conducted pursuant to Loc.R. 65 because the trial court never referred the matter for such arbitration and the arbitrators were not selected or paid in accordance with this rule. On May 10, 1991, the parties signed an agreed journal entry where defendant offered plaintiff payment of $20,000 " * * * as partial payment of settlement of all disputes arising out of the automobile accident of August 28, 1987," but which provided that the acceptance of such sum " * * * shall not prejudice or affect in any way any claim asserted by Sherry S. Cox for relief * * * including any rights or claims of error asserted on any appeal * * *." The agreed entry likewise stated that defendant's claims and defenses in opposition to plaintiff were preserved.

■ In the first assignment of error, plaintiff argues that her declaratory judgment action placed the entitlement to nonbinding Rule 65 arbitration before the common pleas court and that the trial court's confirmation of the arbitration panel's award in this case in effect constituted granting summary judgment in favor of defendant. Since this "summary judgment" motion was granted without leave and in consideration of materials outside the scope of those stated in Civ.R. 56(C), plaintiff argues that the court erred in confirming the award. In essence, plaintiff contends that it is improper for the trial court to entertain an application to confirm an arbitration award in the face of a pending complaint for declaratory judgment in which the plaintiff seeks a judicial determination of the proper arbitration procedure.

R.C. Chapter 2711 provides special statutory provisions for speedy and effective enforcement of agreements to arbitrate. Except as otherwise expressly provided, R.C. 2711.05 provides that any applications under R.C. Chapter 2711 " * * * shall be made and heard in the manner provided by law for the making and hearing of motions * * *."

R.C. 2711.09 provides for summary confirmation of arbitration awards. *Russo v. Chittick* (1988), 48 Ohio App.3d 101, 104, 548 N.E.2d 314, 316. This statute states:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

R.C. 2711.10 provides for vacation of such awards. This provision states:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A) The award was procured by corruption, fraud, or undue means.

"(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

As the Supreme Court of Ohio noted in the syllabus of *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456:

"When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court *must* grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." (Emphasis added.)

In the case before us, plaintiff did not follow the applicable statutory procedures, but instead chose to file a declaratory judgment action, which is discretionary in nature, in order to preempt any determination on arbitration procedure. For instance, R.C. 2711.03 provides that a party aggrieved by a failure to arbitrate pursuant to contract may petition the court for an order directing that arbitration proceed in the manner provided for in the agreement. Plaintiff never narrowed the issues pursuant to this statute. More importantly, plaintiff never filed any motion to vacate the award. In fact, although plaintiff desperately desired to obtain nonbinding arbitration under Loc.R. 65.15, plaintiff chose to proceed with the arbitration, hoping that the pending declaratory judgment action would preserve her rights. Plaintiff never once attempted to stay the arbitration proceedings pending the declaratory judgment action. Indeed, the confirmation proceedings before the trial court were not transcribed and this court has no way of knowing what issues were raised or considered at that hearing.

Given the special treatment of applications for confirmation under R.C. 2711.09, we find no merit in plaintiff's arguments concerning the summary judgment procedure under Civ.R. 56. Further, for the foregoing reasons, and those to be discussed more fully below, we do not think that the pendency of the declaratory judgment action precluded consideration of the application for confirmation.

Accordingly, plaintiff's first assignment of error is not well taken.

■ In the second assignment of error, plaintiff maintains that the trial court erred in failing to find that nonbinding arbitration under Rule 65 was applicable to her uninsured motorist claim.

The arbitration provision contained in the policy of insurance states:

"If we and the insured do not agree about the insured's right to recover damages or the amount of damages, the following arbitration procedure will be used:

"After written demand for arbitration by either party, each party will select a competent and disinterested arbitrator. The two so selected will select a third. If selection of the third arbitrator cannot be agreed upon within 30 days, the insured or the company may request that selection be made by a judge of a court of record in the county and state in which arbitration is pending. Each party will pay its chosen arbitrator, and bear equally expenses for the third and all other expenses of arbitration.

"Unless the insured and the company agree otherwise, arbitration will take place in the county and state in which the insured lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state.

The arbitrators will determine questions in dispute. A written decision on which two agree will be binding on the insured and us.

"As an alternative to the previously described procedure, if the insured and the company agree, arbitration will be in accordance with rules of the American Arbitration Association.

"We and the insured agree to be bound by the award determined through arbitration. Judgment upon award may be entered in any court having jurisdiction over it."

While this clause states that the arbitrators " * * * will determine questions in dispute * * *," uninsured motorist arbitration clauses like the one in question, which refer questions of liability and damages to arbitration, have been construed as limited arbitration clauses, not general arbitration clauses. *Lynch v. Educator & Executive Insurers, Inc.* (1976), 49 Ohio App.2d 300, 3 O.O.3d 344, 361 N.E.2d 514; *United States Fid. & Guar. Co. v. Ferraro* (S.D.Ohio 1978), 452 F.Supp. 586. Hence, we do not think that the question of whether plaintiff had a *de novo* appeal to the common pleas court was arbitrable.

Rather, that question was properly before the court as a question of law. However, the trial court denied plaintiff summary judgment on that question, finding that an issue of fact was to be determined. On the contrary, proper construction of the policy in question leads to only one legal conclusion, which is adverse to plaintiff.

Clearly the arbitration provision in dispute states that the parties agree that a written decision rendered by a majority of the panel of arbitrators " * * * will be binding on the insured and on us." Plaintiff has never alleged that this language was waived or that defendant was estopped from asserting it. Further, plaintiff has never asserted some enforceable agreement to the contrary.

Instead, from the outset plaintiff has seized on the language contained in the arbitration clause which states that "[a]rbitration will be subject to the usual rules of procedure and evidence * * * " in the county and state in which the insured lives. Plaintiff has maintained that Rule 65 is a "usual" rule of procedure applicable in Franklin County and that Rule 65.15 provides for an appeal *de novo* to the court of common pleas.

In *Lockhart v. American Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 2 OBR 112, 440 N.E.2d 1210, the Eighth District Court of Appeals construed similar language concerning the conduct of arbitration in accordance with the "usual rules governing procedure and admission of evidence in courts of law." A majority of that court rejected the argument that such language incorporated

by reference the Ohio Rules of Civil Procedure in general, and the Civ.R. 59 motion for a new trial in particular. Recognizing that incorporation of cumbersome trial-type rules into the informal arbitration context would undermine that "principal virtue" of arbitration—circumventing the complexity and delays inherent in court proceedings—the majority found this language only an "hortatory" adoption of the principle of fair process in arbitration hearings. *Id.* at 104, 2 OBR at 117, 440 N.E.2d at 1216.

We need not go so far as to place such a narrow construction on the phrase used in this case. Suffice it to say, Rule 65 compulsory arbitration is not a usual rule of procedure. It is involuntary, court-ordered arbitration with the substantive right of *de novo* appeal. And here, no court ever ordered it. Consequently, it was never applicable and its existence provided no "cause" to vacate or modify the award rendered. *Warren, supra.*

Hence, plaintiff's second assignment of error is not well taken.

For the foregoing reasons, plaintiff's assignments of error are overruled. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and PEGGY BRYANT, JJ., concur.