EMOO WINTERS, Appellant,

*v.*

CARL C. SAWYER and CITY OF CLARKSVILLE,
Appellees.

463 S.W.2d 705

(*Nashville,* December Term, 1970.)

Opinion filed February 16, 1971.

114

JAMES C. CUNNINGHAM, CUNNINGHAM & MITCHELL, Clarksville, for appellant.

FRANK J. RUNYON, RUNYON & RUNYON, Clarksville, for appellees.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

Appellant, Emoo Winters, appeals from the decree of the chancellor in finding an ordinance enacted by the City of Clarksville, Tennessee to be constitutional as a valid exercise of the police power of the City.

The Legislature, by Chapter 152, Public Acts of 1939, provided a method and empowered municipalities by ordinance to order the owner of dwellings found unfit for human habitation to repair, close or demolish same. This statute is now carried in T.C.A. as sec. 13-1201 through sec. 13-1209.

Under authority of Chapter 152, the City of Clarksville, Tennessee enacted the ordinance in question, being No. 36-1966-67. It is admitted here on appeal this ordinance strictly follows the provisions of Chapter 152 and for this reason we do not deem it necessary to copy this rather lengthy ordinance in this opinion.

Pursuant to this ordinance and T.C.A. sec. 13-1203, the public officer designated to exercise the powers conferred by the ordinance is the Building Inspector. On May 27, 1968, after notice and a hearing held April 15, 1968, the Building Inspector ordered appellant to demolish and remove certain dwellings owned by appellant, such having been found, under the ordinance and T.C.A. sec. 13-1202, to be unfit for human habitation.

On July 24, 1968, pursuant to the ordinance and T.C.A. sec. 13-1206, appellant filed his bill in Chancery seeking to have the ordinance in question declared unconstitutional as being in violation of Section 1, of the Fourteenth Amendment to the Constitution of the United States, and Sections 8 and 21, Article 1, of the Constitution of Tennessee. From an adverse holding of the chancellor appellant duly perfected his appeal to this Court.

The sole question here is whether this ordinance enacted pursuant to Chapter 152, Public Acts of 1939 is a valid exercise of the police power of the City of Clarksville, Tennessee.

Although Chapter 152 was enacted in 1939, the only case directly or indirectly adjudicating the constitutionality of Chapter 152, or any ordinance enacted pursuant thereto, is the case of *Thomas v. Chamberlain*, 143 F.Supp. 671 (D.C.1955). The chancellor cited and relied upon this case.

*Thomas v. Chamberlain*, supra, cited *Jackson v. Bell*, 143 Tenn. 452, 226 S.W. 207 (1920). The Jackson case involved a statute, Chapter 131, Public Acts of 1915, which authorized certain public officials, acting under the police power of the state, to order the repair or demolition of buildings found to be especially liable to fire creating a hazard to life and property, all at the owners expense. The procedure required in the application of the police power under Chapter 131 is very similar to the procedure required in the application of the police power under the statute in the case at bar. In Jackson, as in the case at bar, it was argued Chapter 131 was in violation of Sections 8 and 21, Article 1, Constitution of Tennessee. The Court held Chapter 131 was a valid use of the police power and not in conflict with the sections of our Constitution relied upon to invalidate the statute.

■ The police power to a large extent rests upon the maxim "sic utere tuo ut alienum non laedas" (so use your own that you do not injure that of another), and this is the first obligation of citizenship, even though it invokes restrictions upon certain constitutional rights. The exercise of the police power must be on a reasonable basis and one of the tests of reasonableness is that the attempted regulation must tend to such ulterior public good that even though it does infringe upon constitutional rights, such infringement is necessary in the promotion of the health, safety and welfare of the com-

munity. This is in effect the holding in *Jackson v. Bell,* supra, where the Court noted fire posed a great danger to a community. Fire being such danger, then where buildings were found to be especially liable to fire it was a reasonable use of the police power to order their removal as a protection of the community. We think this same principle would apply to the health of the community.

We think this ordinance enacted pursuant to Chapter 152, Public Acts of 1939, falls squarely within the legitimate use of the police power. In substance, the ordinance after notice and a hearing, all subject to judicial review, requires the repair or removal of dwellings found hazardous to the health, safety or morals of the community.

We hold the ordinance in question to be valid but will again reiterate the statement of Mr. Justice Green in *Jackson v. Bell,* supra, that such statute or ordinance should be administered with caution.

Appellant insists even if the ordinance is constitutional per se the findings do not indicate the dwellings ordered removed constitute either a fire or health hazard. We do not agree. Appellant has been ordered to remove five dwellings, four of which, among other things, are shown to be fire hazards due to inadequate electrical wiring. The fifth dwelling is shown to be in very dilapidated condition.

Appellant also insists the ordinance is invalid under Section 1 of the Fourteenth Amendment to the Constitution of the United States. This Amendment does not operate as a limitation upon the police power of the state. *Van Oster v. Kansas,* 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed.

354 (1926); *Bute v. Illinois,* 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986 (1948); *Moyers v. City of Memphis,* 135 Tenn. 263, 186 S.W. 105 (1916).

The judgment of the lower court is affirmed.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.