IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 7, 2003 Session

## VANESSA MANNING v. CITY OF LEBANON, ET AL.

Appeal from the Chancery Court for Wilson County
No. 02090     C.K. Smith, Chancellor

---

### No. M2002-02075-COA-R3-CV - Filed July 8, 2003

---

The Chancery Court of Wilson County invalidated the City of Lebanon's ordinance governing the demolition of unsafe structures, reasoning that it was inconsistent with state law and that it denied property owners the right to be heard before a demolition order issues. We hold that the ordinance is not inconsistent with the general law and that the post-order hearing provisions of the ordinance comply with the property owner's rights to due process. Therefore, we reverse and remand the cause for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and WILLIAM CHARLES LEE, SP. J., joined.

Mary Byrd Ferrara and J. Russell Farrar, Nashville, Tennessee, for the appellants City of Lebanon, Board of Adjustment, and Board Members Nelson Steed, Mike Manous, Hobart O. Tisdale, Jr., Gary Renfro, and Jerry Mangrum, and All Other Current Members of Such Board.

James R. Stallings, Jr., Lebanon, Tennessee, for the appellee, Vanessa Manning.

**OPINION**

**I.**

In June of 2000, the City of Lebanon adopted the Standard Unsafe Building Abatement Code, a Part of the Southern Building Code. In essence, the SUBAC provides that a building official, upon finding that a structure is unsafe, can prepare a Notice of Unsafe Building, detailing the unsafe conditions. A copy of the Notice is served on the owner, and another copy is posted on the property. The owner may appeal the decision to the Board of Adjustment and Appeals within thirty days, and

the Board must conduct a hearing within sixty days of the notice. The Board's decision may be appealed to the courts.

On October 9, 2001, the City issued such a notice to Vanessa Manning, the owner of a building at 402 Sycamore Street in Lebanon. The notice stated that the building should be demolished by November 8, 2001. Ms. Manning appealed to the Board, and at a hearing on November 26, 2001, she did not object to the demolition order but stated, "I'm not here to object . . . I want it torn down because my life is in Nashville and I just want to put closure to all that ties me here to Lebanon." The Board voted to demolish the house within thirty days.

On March 27, 2002, Ms. Manning filed a Petition for Certiorari in the Chancery Court of Wilson County, alleging that the house was capable of being restored and that the Board of Adjustment lacked jurisdiction to order the demolition. The Board moved for summary judgment on the ground that the Petition was not filed in a timely fashion. Ms. Manning then amended her Petition to allege that the time for filing it had not begun to run because she had not been served with the order of demolition. The Petition further alleged that the Abatement Code contradicted state law. Ms. Manning then filed her own motion for summary judgment, and, in addition to the grounds previously raised, she relied on the defense of a denial of due process.

The trial judge held that the Petition was timely filed; that the Abatement Code was ineffective because it was not adopted in accordance with Tenn. Code Ann. § 13-21-103; and that by issuing a demolition order before giving the owner notice and a hearing, the Board denied Ms. Manning's right to due process. On appeal the Board does not contest the court's ruling with respect to the timeliness of the Petition.

## II.
### THE CONFLICT WITH TENN. CODE ANN. § 13-21-103

In *Nichols v. Tullahoma Open Door, Inc.*, 640 S.W.2d 13 (Tenn. Ct. App. 1982), we recognized the well-established principle that municipal authorities cannot adopt ordinances which infringe the spirit of state law or are repugnant to the general policy of the state. As a further limit on the powers of local governments, we also recognized that statutes describing how delegated police power may be exercised are "mandatory and exclusive." 640 S.W.2d at 18. These two principles frame the issues raised in this appeal about the way the Lebanon Building Abatement Code was enacted and its conflict, or lack of it, with Tenn. Code Ann. § 13-21-103.

### A.

The appellant argues, and the lower court held, that the Abatement Code conflicted with the state's Slum Clearance and Redevelopment Act, Tenn. Code Ann. § 13-21-101, et seq. As the Court said in *Winters v. Sawyer*, 463 S.W.2d 705 (Tenn. 1971), by passing that chapter of the Code the legislature provided a method for municipalities to order the demolition of a building found unfit for human habitation. 463 S.W.2d at 706. We note, however, that the court did not say that the chapter

provided the exclusive or the only method that municipalities could use to accomplish the same purpose.

We know of no other decision of our courts that has interpreted Tenn. Code Ann. § 13-21-101, et seq., in that way. Perhaps the reason for the lack of such authority is the last section of the chapter which provides:

> Nothing in this part shall be construed to abrogate or impair the powers of the courts or of any department of any municipality to enforce any provisions of its charter or its ordinances or regulations, nor to prevent or punish violations thereof, and the powers conferred by this part shall be in addition and supplemental to the powers conferred by any other law.

Tenn. Code Ann. § 13-21-109.

We think it is clear that the legislature intended to empower municipalities with a method for clearing unsafe buildings, but the legislature explicitly acknowledged that other valid procedures could be adopted by a municipal charter or ordinance. Therefore it is not a valid objection to such charter or ordinance provision that it does not copy or adopt the provisions of Tenn. Code Ann. § 13-21-101, et seq.

### B.

Municipalities are, after all, creatures of the legislature, and they may exercise the powers given them by the legislature so long as they do so in the manner the legislature prescribes. *Nichols v. Tullahoma Open Door, Inc.*, 640 S.W.2d 13 (Tenn. Ct. App. 1982). In Tenn. Code Ann. § 6-54-502 the legislature provided that "any municipality is hereby authorized to adopt by reference the provision of any code or portions of any code as herein defined, without setting forth the provision of such codes in full."[1] A "code" is defined as:

> any published compilation of rules and regulations which have been prepared by various technical trade associations and shall include specifically, but not limited to, building codes;

Tenn. Code Ann. § 6-54-501(1). As we have noted, the Lebanon Abatement Code adopts a part of the Southern Building Code. Therefore, we think the Abatement Code was lawfully enacted.

### III.

---

[1] In Tenn. Code Ann. § 6-54-504, the legislature did provide a limitation on the power of municipalities to adopt by reference. That section prevents the adoption by reference of the penalty clauses of a code and requires that the penalty clauses be set forth in full in the adopting ordinance. The parties, however, did not raise an issue about the restriction imposed by this section.

## DUE PROCESS

The United States and Tennessee Constitutions prevent governments from taking away liberty or property without due process. *See* U.S. Const. amend. V & IV; Tenn. Const. art. I, *§ 8*. Due process does not have regard merely to enforcement of the law, but searches also the authority for making the law. *See* 16B Am. Jur. 2d, *Constitutiona Law* § 895. Aside from the objections to the ordinance that we have already discussed, Ms. Manning does not contest the municipality's power to enact the ordinance. Therefore, we think her objection is based solely on the procedure provided in the ordinance.

The essence of procedural due process is notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. AAA Bail Bonds*, 993 S.W.2d 1 (Tenn. Crim. App. 1998). But the meaningful time requirement does not mean that the hearing must take place before the government takes action. *Rock v. Roadway Express, Inc.*, 481 U.S. 252 (1987). "A post-decision hearing will suffice as long as it is held within a reasonable time in light of the issues and interests at stake." *State v. AAA Bail Bonds*, 993 S.W.2d 81, 86 (Tenn. Crim. App. 1998); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985). Otherwise, the state could not make an arrest on probable cause without a pre-arrest hearing or seize contraband without giving the property owner an opportunity to be heard.

In *State v. AAA Bail Bonds*, the court revoked a bonding company's right to write bail bonds without first giving the defendant a hearing. The appellate court held that the bonding company's license to write bail bonds was clearly a property right that could not be taken away without due process in order to take it away. Nevertheless, a statutory scheme that provided a hearing after the revocation satisfied due process if the post-deprivation hearing was held within a reasonable time. 993 S.W.2d at 86; *see also* Tenn. Code Ann. § 40-11-125. In contrast, in Ms. Manning's case she was not deprived of her property by the order to demolish it. Even if we read the demolition order as a deprivation of some part of Ms. Manning's property, the ordinance gave her the right to be heard before the city could execute the order. The hearing must be held within sixty days of the date it was requested. We think the procedure satisfied Ms. Manning's right to due process.

The judgment of the trial court is reversed and the cause is remanded to the Chancery Court of Wilson County for any further proceedings necessary. Tax the costs on appeal to the appellee, Vanessa Manning.

_____

BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-4-