# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 10, 2015

## RICHARD KOLASINSKI v. TENNESSEE DEPARTMENT OF SAFETY AND HOMELAND SECURITY, ET AL.

### Appeal from the Chancery Court for Davidson County
No. 141006I     Claudia Bonnyman, Chancellor

_____

### No. M2014-02487-COA-R3-CV- Filed December 30, 2015
_____

Police seized a vehicle and commenced forfeiture proceedings. The Tennessee Department of Safety and Homeland Security mailed notices of the forfeiture proceedings to the driver and the owner of the vehicle, but the postal service returned the notices undelivered. When no petition was filed asserting a claim to the vehicle, the Department entered an order of forfeiture. After learning of the order of forfeiture, the owner of the vehicle filed a petition for judicial review, but because the petition was filed sixty-one days after the entry of the order of forfeiture, the trial court dismissed the petition for lack of subject matter jurisdiction. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Justin A. Gee, Memphis, Tennessee, for the appellant, Richard Kolasinski.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Brooke K. Schiferle, Assistant Attorney General, for the appellee, Tennessee Department of Safety and Homeland Security.

# OPINION

## I. BACKGROUND

On December 9, 2013, an officer with the Bartlett Police Department ("BPD") pulled over a 1999 Chevrolet Silverado for speeding. A routine computer check revealed that the driver license of the operator of the vehicle, Cindy Kolasinski, had been suspended on January 31, 1996, for driving under the influence. On December 11, 2013, the BPD obtained a forfeiture warrant for the vehicle, and on December 20, 2013, the Department of Safety and Homeland Security mailed certified letters to Ms. Kolasinski and her husband, Robert Kolasinski,[1] to advise them of the institution of forfeiture proceedings. Although the letters were addressed to what is acknowledged to be Mr. Kolasinski's home, the postal service returned the letters to the Department marked "Return to Sender—Not Deliverable as Addressed—Unable to Forward."

On May 9, 2014, no petition having been filed to assert a claim, the Department entered an order forfeiting the vehicle to the BPD. On its face, the order provided "[a] party may PETITION the agency for a STAY of this FINAL ORDER by filing such petition with the APPEALS DIVISION at the above address WITHIN SEVEN (7) DAYS after the ENTRY DATE of the order . . . ." Eleven days after entry of the order of forfeiture, on May 20, 2014, the Appeals Division received a handwritten letter from Mr. Kolasinski asking for a stay and reconsideration of the forfeiture. In the letter, Mr. Kolasinki wrote, "I did not receive two certified letters that were sent to me. I only found out about them when I was trying to get my truck back."

On June 12, 2014, the Department entered an order denying Mr. Kolasinski's petition. Mr. Kolasinski then obtained counsel, who, on June 26, 2014, wrote the Department requesting a copy of the order of forfeiture. On July 7, 2014, Mr. Kolasinski sent a Petition for Judicial Review of Order of Forfeiture[2] to the Chancery Court for Davidson County via Federal Express, two-day delivery. Unsurprisingly, the court received the petition two days later, on July 9, 2014, which was the sixty-first day after the entry of the order of forfeiture.

In response to the petition, the Department filed a motion to dismiss for lack of subject matter jurisdiction. The trial court granted the motion. Mr. Kolasinski now appeals.

---

[1] Mr. and Mrs. Kolasinski were divorced at the time of this appeal. It is unclear from the record if they were divorced at the time of the traffic stop and subsequent forfeiture proceedings.

[2] The Petition for Judicial Review of Order of Forfeiture named both the Department and the BPD as respondents, but Mr. Kolasinski later voluntarily dismissed the BPD.

## II. ANALYSIS

Although Mr. Kolasinki makes three separate arguments, the sole issue on appeal is whether the trial court correctly concluded it lacked subject matter jurisdiction. The Department's challenge to the trial court's subject matter jurisdiction was facial, based on the petition alone. *See Schutte v. Johnson*, 337 S.W.3d 767, 769-70 (Tenn. Ct. App. 2010) (distinguishing between facial and factual challenges to subject matter jurisdiction). Therefore, we are presented with a question of law, which we review de novo without a presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

Judicial review of vehicle forfeitures stemming from driving on a cancelled, suspended, or revoked driver license are conducted under Tennessee Code Annotated § 4-5-322, which is found in the Uniform Administrative Procedures Act ("APA"). Tenn. Code Ann. §§ 55-50-504(h)(1), 40-33-213(b) (2012). Under that statute, persons aggrieved by a final decision of an administrative agency must file their petitions for review within sixty days after the entry of the agency's final order. *See id.* § 4-5-322(b)(1)(A) (2015). "A party's failure to file a petition for review on or before the statutory deadline prevents the courts from exercising their jurisdiction to review the agency's decision." *Davis v. Tennessee Dep't of Emp't Sec.*, 23 S.W.3d 304, 307-08 (Tenn. Ct. App. 1999).

Although he acknowledges that his petition for judicial review was filed more than sixty days after entry of the order of forfeiture, Mr. Kolasinski makes three separate arguments for why his petition should nonetheless be considered timely. We find none of the arguments availing.

First, Mr. Kolasinski argues that the sixty day time period for filing a petition for review was extended by either Rule 6.05 of the Tennessee Rules of Civil Procedure or Rule 20 of the Tennessee Rules of Appellate Procedure. Rule 6.05 of the Tennessee Rules of Civil Procedure provides that,

> [w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

Tenn. R. Civ. P. 6.05. However, because the APA provides the prescribed period runs from "the entry of the agency's final order" rather than service of the order, we have previously held that Rule 6.05 does not apply to petitions for judicial review of agency decisions. *See Cheairs v. Lawson*, 815 S.W.2d 533, 534 (Tenn. Ct. App. 1991); *Houseal v. Roberts*, 709 S.W.2d 580, 581 (Tenn. Ct. App. 1984).

Alternatively, Mr. Kolasinski submits that, because he is appealing an agency decision, the Tennessee Rules of Appellate Procedure should apply. Rule 20 of the Tennessee Rules of Appellate Procedure provides, in part, as follows:

> Filing shall not be timely unless the papers are received by the clerk within the time fixed for filing or mailed to the office of the clerk by certified return receipt mail or registered return receipt mail within the time fixed for filing. Filing will also be timely if placed with a commercial delivery service, having computer tracking capacity, within the time for filing.

Tenn. R. App. P. 20 (emphasis added). Because he sent his petition for judicial review by a commercial delivery service within the time for filing, Mr. Kolasinski asks that his petition be deemed timely filed under Rule 20. As noted by the Department, the problem with such an argument is that the Tennessee Rules of Appellate Procedure "govern procedure in proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals," not proceedings before trial courts. Tenn. R. App. P. 1.

Second, citing article I, section 8 of the Tennessee Constitution,[3] Mr. Kolasinski argues that his due process rights were violated and, therefore, his late filing should be excused. Our Supreme Court has previous held that due process protections of article 1, section 8, are "synonymous with the due process provisions of the federal constitution" and, like the federal constitution, "encompass[] both procedural and substantive protections." *Lynch v. City of Jellico*, 205 S.W.3d 384, 391 (Tenn. 2006). As we perceive his argument, Mr. Kolasinski claims that his due process rights were violated because he did not receive proper notice of the forfeiture. Mr. Kolasinski further claims his due process rights were violated by requiring his petition for judicial review to be filed in Davidson County. *See* Tenn. Code Ann. § 4-5-322(b)(1)(A). As a resident of Memphis, Mr. Kolasinski submits he is actually allowed fewer than sixty days to seek judicial review because he must account for mailing his petition unless he drives to Nashville.

As our Court has noted previously, "[t]he essence of procedural due process is notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Manning v. City of Lebanon*, 124 S.W.3d 562, 566 (Tenn. Ct. App. 2003). In evaluating the procedural protections required to satisfy due process, we must examine: "(1) the private interest at

---

[3] Article I, section 8 of the Tennessee Constitution provides "[t]hat no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Tenn. Const. art. I, § 8.

4

stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Keisling v. Keisling*, 92 S.W.3d 374, 377-78 (Tenn. 2002) (quoting *State v. Culbreath,* 30 S.W.3d 309, 317-18 (Tenn. 2000)).

We find the notice here sufficient although it was not delivered as intended. "Notice must be given in a manner reasonably calculated to notify all interested parties of the pending forfeiture of the property in order to afford the opportunity to object to the State's taking." *Redd v. Tennessee Dep't of Safety*, 895 S.W.2d 332, 334-35 (Tenn. 1995); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). We find the notice by certified mail, directed to Mr. Kolasinski's home address, reasonable under these circumstances. We have held that "[a]n otherwise valid notice that has been mailed is effective even if the addressee has not actually received or read the notice." *Helms v. Greene*, No. 01A01-9505-CH-00194, 1997 WL 36846, at *3 (Tenn. Ct. App. Jan. 31, 1997) (citations omitted), *aff'd on other grounds by Helms v. Tennessee Dep't of Safety*, 987 S.W.2d 545 (Tenn. 1999).

We also do not find the requirement that petitions for judicial review be filed in Davidson County violates due process. The statute allows for sufficient time for those living outside of Davidson County to file a timely petition for judicial review.

Finally, Mr. Kolasinki argues that, because the sixty-day period for filing a petition for judicial review included the July fourth holiday weekend, his time for filing should have been extended. The last day of the filing period fell on a Tuesday, which was not a legal holiday.[4] We see no legal basis for such an argument, and Mr. Kolasinki has cited us to no authority for such a proposition. Therefore, we deem the argument waived. *See* Tenn. R. App. P. 27(a); *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

---

[4] Had the last day of the filing period been a Saturday, Sunday, or a legal holiday, the time for filing would have been extended. *See* Tenn. R. Civ. P. 6.01.

### III. CONCLUSION

We affirm the dismissal of Mr. Kolasinski's petition for judicial review and remand the case to the trial court for further proceedings consistent with this opinion.

_____

W. NEAL MCBRAYER, JUDGE