IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 2, 2019

## ALAN O.[1] v. TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES

**Appeal from the Chancery Court for Knox County**
**No. 190612-3          Gregory S. McMillan, Judge**

————————————————————————

### No. E2019-01053-COA-R3-CV

————————————————————————

The Appellant filed suit complaining that the Department of Children's Services denied him an administrative hearing concerning the determination that he was a child abuser. The trial court ultimately dismissed the Appellant's petition for review, noting that there had already been a prior judicial determination, by clear and convincing evidence, that the Appellant had committed severe child abuse. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Herbert H. Slattery, III, Attorney General and Reporter; Amber L. Seymour Assistant Attorney General, for the appellees, State of Tennessee and Tennessee Department of Children's Services.[2]

Alan O., Knoxville, Tennessee, Pro se.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

The present controversy stems in large part from prior dependency, neglect, and abuse proceedings involving Alan. O. ("the Appellant"). In those prior proceedings, the Knox County Juvenile Court found, by clear and convincing evidence, that the Appellant

———————————————

[1]This Court has a policy of protecting children's identities in parental termination cases, and therefore, certain names appearing herein are presented by their initials.

[2] The State of Tennessee did not file a separate brief on its behalf.

had abused his daughter. *In re Emmalee O.*, 464 S.W.3d 311, 313 (Tenn. Ct. App. 2015). The Knox County Circuit Court, following a *de novo* appeal from Juvenile Court, also determined, by clear and convincing evidence, that the Appellant had committed severe child abuse. *Id.* Upon appeal to this Court and following a thorough review of the record below, we also held that there was clear and convincing evidence sufficient to establish severe child abuse by the Appellant. *Id.* The Appellant's subsequent attempts to seek appellate review by the Tennessee Supreme Court and United States Supreme Court were unsuccessful.

Although administrative proceedings concerning the issue of the Appellant's status as an abuser had also previously been pending, the administrative proceedings were stayed while the aforementioned litigation worked its way through the courts. *See* Tenn. Comp. R. & Regs. 0250-07-09-.10(1) (providing that the "Department shall stay all administrative proceedings" if "an individual whom the Department has classified in a substantiated report as a perpetrator of abuse, severe child abuse, child sexual abuse, or neglect is the subject of other administrative or civil proceedings that are derived from the same allegations that caused the Department to investigate"). However, after the litigation in this Court concluded and the Appellant failed to secure review in the Tennessee Supreme Court and United States Supreme Court, further administrative activity occurred in the Department of Children's Services.

By letter, the Appellant was informed that the Department had completed a formal file review of the child abuse investigation involving his daughter in which he was substantiated as the perpetrator. Upon noting that the allegation of sexual abuse had been upheld by the Department, the letter stated in pertinent part as follows: "Having been named in an administrative, civil or judicial proceeding that stemmed from the same allegations as the child abuse or neglect classification, the court's finding automatically terminates your review process." Although the Appellant nonetheless sought further review and specifically requested an administrative hearing, his request was denied. The Department informed the Appellant that he did not qualify for an administrative hearing given the prior judicial adjudication that he had committed severe abuse against the child at issue.

In the wake of the Department's denial of a hearing, the Appellant filed a petition for review in the Knox County Chancery Court ("the trial court"). According to the Appellant, due process required that a hearing be provided to him. In a subsequently-filed answer and motion for dismissal, the Department moved to dismiss the Appellant's petition. In relevant part, the Department argued that the prior judicial finding of abuse, which was affirmed by this Court, was "dispositive as *res judicata* on the issue of whether [father's] indication as a perpetrator of sexual abuse may be further reviewed." As support, the Department relied on the following rule:

A final criminal conviction and/or civil adjudication will be conclusive evidence the individual is the perpetrator classified in the substantiated report and the individual will have no right to a hearing . . . in regard to that particular report and the Department may release information and the perpetrator as permitted under these Rules when:

. . . .

(c) Any court or administrative proceeding results in a judicial or administrative adjudication that the individual has committed, or has knowingly allowed to be committed any act against a child which would constitute abuse, severe child abuse, child sexual abuse, or neglect.

Tenn. Comp. R. & Regs. 0250-07-09-.10(3). The Department maintained that appropriate substantive and procedural due process had been provided "through civil litigation finding by clear and convincing evidence that the Appellant was a perpetrator of child sexual abuse." The trial court ultimately agreed with the Department's position and dismissed the case, holding in relevant part as follows:

At the administrative level, a finding that an individual is indicated or substantiated as having committed sexual abuse requires a preponderance of the evidence. Rule 0250-07-09.06 provides that "A report made against an alleged perpetrator shall be classified as substantiated if the preponderance of the evidence, in light of the entire record, proves that the individual committed any form of abuse . . . ." By contrast, the judicial determination made by the Juvenile Court for Knox County and the Fourth Circuit Court for Knox County, Tennessee was by clear and convincing evidence, a higher standard of proof.

[Father] has already had two trials and has exhausted his appeals related to the issue of whether he committed sexual abuse against his daughter. There is no further due process to be afforded to him. The Court's ruling on this issue is supported by and is consistent with the long standing doctrine of *res judicata*.

(internal citations omitted) The Appellant thereafter filed a motion to alter or amend and, later, a motion for recusal, both of which were denied by the trial court. This appeal followed.

## DISCUSSION

The Appellant's brief raises a number of arguments for our review, most of which involve substantial overlap and arise from the Appellant's core concern that he was

wrongfully denied an administrative hearing by the Department. The Appellant also raises an issue concerning the trial court's denial of his motion for recusal of the trial judge.

We will address the recusal issue first. As an initial matter, we note that the Appellant's motion for recusal was made at the end stage of the proceedings in the trial court, *after* the filing of the Appellant's motion to alter or amend. This timing issue is not without significance, as it "is a well known and well accepted rule that a party must complain and seek relief immediately after the occurrence of a prejudicial event and may not silently preserve the event as an 'ace in the hole' to be used in event of an adverse decision." *Gotwald v. Gotwald*, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988) (citation omitted). This concern notwithstanding, we agree with the Department that any potential issues regarding recusal are waived. We observe that the argument section of the Appellant's brief on this issue consists of three sentences and no citations to any authorities. Whereas the brief generally, albeit summarily, contends that the trial court should be recused due to "improper bias," no explanation or citation to the record is proffered regarding this concern. Given the Appellant's failure to develop an argument in his brief and failure to cite to the trial court record or any relevant legal authorities, this issue is waived. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) ("An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)."); *see also* Tenn. R. App. P. 27(a)(7) (requiring that an appellant's argument section include "the contentions of the appellant . . . and the reasons therefor . . . with citations to the authorities and appropriate references to the record . . . relied on").

The heart of the Appellant's grievance here is that the Department denied him an administrative hearing regarding its finding that he had committed severe child abuse against his daughter. The denial of an administrative hearing is what precipitated the Appellant's filing for review in the trial court, and on appeal, the Appellant maintains that he should have been given an administrative hearing. We respectfully disagree and hold that the trial court did not err in dismissing the Appellant's action.

Under the facts of this case, the Department's denial of an administrative hearing to the Appellant was appropriately supported by its rules pertaining to child abuse investigations, rules which were developed to "establish procedures to review substantiated cases and to release the identity and other related information of a perpetrator in substantiated reports of any form of abuse or neglect." Tenn. Comp. R. & Regs. 0250-07-09-.02.[3] As noted earlier, the Department has developed two rules which

---

[3] Regarding child abuse investigations and the information and findings gleaned therefrom, the Department has authority to adopt rules that establish administrative and due process procedures "for the disclosure of the contents of its files and the results of its investigations." Tenn. Code Ann. § 37-1-409(e).

are pertinent here to administrative proceedings regarding child abuse allegations. First, as occurred in this matter, the Department will stay administrative proceedings when judicial proceedings into the same abuse allegations are ongoing. Tenn. Comp. R. & Regs. 0250-07-09-.10(1) (providing that the "Department shall stay all administrative proceedings" if "an individual whom the Department has classified in a substantiated report as a perpetrator of abuse, severe child abuse, child sexual abuse, or neglect is the subject of other administrative or civil proceedings that are derived from the same allegations that caused the Department to investigate"). Second, when the judicial proceeding addressing the same abuse allegations results in a judicial adjudication that the individual has committed abuse, that "civil adjudication will be conclusive evidence the individual is the perpetrator classified in the substantiated report and the individual will have no right to a hearing." Tenn. Comp. R. & Regs. 0250-07-09-.10(3). Here, there was no error in denying a hearing to the Appellant because the allegations concerning his status as an abuser were finally adjudicated in the judicial proceedings. This is "conclusive" and eliminates the right to a hearing. *See id.* As articulated by the trial court, such a result, which is required by rule, is "consistent with the long standing doctrine of *res judicata*."

Although the Appellant submits that treating the civil adjudication as conclusive and thereby eliminating the availability of an administrative hearing violates due process, we reject this argument. The Appellant was given appropriate due process regarding the allegations that he abused his child. The essence of procedural due process is notice and an opportunity to be heard. *Manning v. City of Lebanon*, 124 S.W.3d 562, 566 (Tenn. Ct. App. 2003). No affront to these principles occurred in this case, as the Appellant had a full and fair opportunity to litigate the allegations against him in the judicial forums previously detailed. Indeed, as the trial court noted, the Appellant "has already had two trials and has exhausted his appeals related to the issue of whether he committed sexual abuse against his daughter."[4] As we find no error in the Department's decision to deny the Appellant a hearing and treat the judicial adjudication of his abuse as conclusive, we are of the opinion that the trial court's dismissal of this case was proper.

## CONCLUSION

The trial court's dismissal of the case is hereby affirmed, and the case is remanded for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE

---

[4] We also note, as did the trial court, that the judicial determinations made in both the Juvenile Court and on appeal in the Circuit Court were made under the heightened "clear and convincing evidence" standard rather than under the "preponderance of the evidence" standard that would have been used at the administrative level.